Lipscomb, J.
This case comes clearly within the decision of this court in the ease of Ritter v. Hamilton (4 Tex. R., 325) and tlie case of Hamilton v. Ritter, decided at Tyler, April Term, 1852. (8 Tex. R.) When the case of Hitter v. Hamilton was under consideration it was supposed by some of the profession that it was embraced by the decision of this court at tlie preceding term in Smith, Adm’r, v. Doake. (3 Tex. R., 215.) This induced the court to review that ease in its opinion, and lo show that they rested upon distinct grounds and had not the slightest analogy to each other. Tlie defense set up and sustained by this court in Smith v. Doake was in bar, that went to the discharge and, in fact, showed that Doake had never been legally hound for the debt. The payee, at tiie time Doake put ills name to the paper, became by his own undertaking the agent of Doake, and was faithless and did not discharge, hut violated the trust he had assumed. In the case of Ritter v. Hamilton tlie defense set up, as in the one before ns, was not in bar, but in abatement, claiming an advantage, under a statute that a majority of the court believed did not embrace liis case, and, if sustained, would only have abated the case. It is true the decision of the court was not unanimous— the chief justice dissented — and it is to he regretted that there was any disunion of opinion among the members of the court, and it is always more satisfactory to have a united court, but it will not do to suppose that because one judge of tlie three composing the court dissents the law is not settled. A majority of the court are well satisfied with the correctness of the decision on the point presented, and, until satisfied of their error, will adhere to it as settled.
The judgment is affirmed; bnt no damages will be given, as it is presumable that the case of Ritter v. Hamilton had escaped the notice of the counsel who brought the case up for revision.
Judgment affirmed.