B. J. PRIDGEN V. F. M. BUCHANNON AND OTHERS.

In an action by the guardian of a minor, to recover the value of a negro, hired by the defendant for the year, and who died in his service, a charge is erroneous which assumes, in favor of the defendant, that the removal of the slave from the county where hired, to another, to be there employed in picking cotton, in the fall of the year, was neither a violation of the defendant's implied obligation, nor such an act of imprudence, as would render him responsible for her death by sickness, at the place to which she was carried.

If the hirer placed the slave at an employment which, from its nature and locality, was more hazardous to her life than that reasonably contemplated by the parties at the time of hireing, he would be responsible for the death of the negro, by sickness, while thus exposed.

In the absence of an express contract as to the mode and place of the employment, the residence of the parties, the character of their business, the nature and qualities of the thing hired, and other facts relating to the hireing, are proper subjects of investigation, in order to ascertain the implied obligation of the parties.

APPEAL from De Witt.    Tried below before the Hon. Fielding Jones.

This was a suit by B. J. Pridgen, guardian of Wiley W. Pridgen, against F. M. Buchannon, Lemuel Stubbs and Benjamin Cage, on a promissory note for $345, given by the defendants, for the hire of several slaves belonging to the said minor; and for the value of Biddy, one of the said slaves, whose death was charged by the plaintiff to have been occasioned by the wrongful act of the defendants, (who were farmers in De Witt county,) in removing her from De Witt county "in the fall of the year, to —— county, on Caney creek, and there causing her to be employed in picking cotton, and in performing other labors in the swamps and sloughs between the Colorado and Brazos bottoms, a region of country notorious for being unhealthy, and particularly so to persons unacclimated to that section of country," &c.; "and that the defendants, while employing and using the said slave, Biddy, failed to use ordinary care, diligence and attention in administering to the common wants and necessities of said slave," &c.

The defendant Buchannon, pleaded a general denial, and payment of the note sued on. The other defendants also pleaded a general denial, and that they signed the note sued on as the sureties of their co-defendant, Buchannon, who had paid the same, whereby they were released from all further liability.

There was a verdict and judgment for the defendants, from which the plaintiff appealed.

*Phillips* and *Friend,* for the appellant.

*Glass* and *Phillips, Jr.,* for the appellees.

ROBERTS, J.—The court charged the jury, "that the hirer of a negro, at public hiring, and for the year, such as is required of the negroes of minors, is not bound to keep the negroes hired in the boundary of the county where hired, unless there is a special contract." And again, " as to Buchannon, I charge you, that if you believe that Buchannon, being a planter at home within De Witt county, himself or by his agent, carried the negroes to Old Caney, and employed them in picking cotton only, and whilst so employed, he used all reasonable care and caution in the manner of working and management of said negroes, as a prudent and careful master would use in the management of his own negroes, and the negro sickened and died without the fault of defendant, then the defendant would not be liable, and you should find for the defendants."

This charge assumes, in favor of the defendants, the main matter in issue, which was, that the removal of the slave Biddy, from De Witt county to Old Caney, to be there employed in picking cotton, in the fall of the year for which she was hired, was neither a violation of the implied obligation resting on Buchannon, nor an act of imprudence, which would render him responsible for her death, by sickness, at the place to which she was carried.

The evidence showed, that all the parties, at the time of hireing, resided in De Witt county, and continued to reside there, and

that the removal of the slave to Old Caney, at that time, greatly increased the risk of her life, and was, in the opinion of some of the witnesses, an imprudent act on the part of owners of slaves. If Buchannon placed the slave in an employment which, from its nature and locality, was more hazardous to her life than that reasonably contemplated by the parties at the time of hiring, he would clearly be responsible for the death of the negro from sickness, while thus exposed. This would be the case, although he might not be bound to keep the slave exactly within the boundaries of De Witt county, under all circumstances that may be imagined. (White v. Harmond, 3 Sneed's Rep. 322; 1 Bouvier's Institutes, § 988.)

In the absence of an express contract concerning the mode and place of the employment, the residence of the parties, the character of their business, the nature and qualities of the thing hired, and other facts relating to the hiring, are proper subjects of investigation, to ascertain the implied obligation of the parties. Ibid. We think this charge is erroneous, and for that error the judgment must be reversed.

There may be a question whether the plaintiff has a right to recover damages against Buchannon alone, under the allegations made in his petition, but as that question has not been made in either court, and as any question thereon may be obviated by the amendment of plaintiff's petition, if deemed necessary, it will not be discussed.

Reversed and remanded.