Pridgen v. Buchannon.

27 | 589
76 | 512
77 | 576

## B. J. Pridgen, Guardian, &c., v. F. M. Buchannon
### AND OTHERS.

The plaintiff, as guardian of a minor, hired to the defendant for a year a ne-
gro woman belonging to his ward, without stipulation as to the place or
character of employment in which the slave was to be engaged: the
defendant removed the slave to a different county, alleged to be more un-
healthy, where the slave died before the expiration of the hiring; and the
question was, whether the defendant had rendered himself liable for the
value of the slave: *Held*, that in ascertaining the place and kind of em-
ployment in which the slave might be engaged, the jury should consider
the time, place, and circumstances of the hiring; the character of the
property, and the occasion of its hiring; the residence and occupation of
the parties at that time; the distance to which the slave was removed, and
the additional danger to her life and health, if any, thereby incurred; and
from all these circumstances the jury should determine whether the slave
was employed in a different or more hazardous manner than was contem-
plated by the parties in the making of the contract.

See this case for instructions given to the jury by the court below, which
are held to be calculated to mislead the jury in their application of them
to the case indicated above.

This suit was brought against three defendants, not only for the value of the
slave as already intimated, but also on their joint and several note for the
hire, which was the only written evidence of the hiring: two of the defend-
ants answered that they were only sureties of the third for the payment of
the note, and were not joint contractors with him in the hiring, and that,
consequently, they were not liable for the loss of the slave by the misuse of
their principal: *held*, that the answer does not necessarily contradict the
note, and that exceptions to it on that ground were properly overruled.

APPEAL from De Witt.    Tried below before the Hon. Fielding
Jones.

The main facts of this case may be found in the former report
of it, contained in 24th Texas Reports, page, 655.    After being
then remanded to the District Court, the cause again came to trial
at the Fall Term, 1860, of that court, when the following instruc-
tions were given to the jury: "In this case, gentlemen, if you
believe, from the evidence, that at the time of hiring of the negro
girl Biddy by defendants, it was in contemplation by the parties
that the negro was to be employed in De Witt county only, under
all circumstances, and that in violation of such understanding the

defendants removed the negro to another locality more unhealthy, and that the negro sickened and died; then the defendants would be liable, and you should find for the plaintiff the value of the negro as proved: but if you believe from the evidence that, at the time of the contract of hiring, it was within or not contrary to the contemplation of the parties that the defendants might, under certain circumstances, as a failure of crops in De Witt county, take the negro to Caney or other place to pick cotton; and you further believe that the negro had every attention given by the defendant or his agents to the negro whilst sick, such as an ordinary prudent master would, under such circumstances, give to his own negro; then the defendants would not be liable, and you should find for the defendants.

"But although you may believe the negro was not injured by being taken to Caney, if you believe the negro was not attended as an ordinary prudent master would have his negroes attended to in cases of sickness, then the defendant would be liable for the value of the negro. You should, also, find whether Stubbs and Cage are sureties in this case."

The following instructions were asked by the plaintiff, but were refused by the court below:

"1. If you believe, from the evidence, that the defendants used the slave Biddy in a different manner or for a different purpose than was intended by the parties at the time of hiring, it was a misuse and conversion of the property; and if the slave died while being so used, the defendants are responsible for the loss, and you should find for plaintiff.

"2. If you believe, from the evidence, that the defendants used the slave Biddy in a more dangerous and perilous service than was contemplated by the parties at the time of hiring, and while being so used she died, the defendants would be liable for the loss."

At this trial, the only controversy was about the liability of the defendants for the value of the negro, it being admitted that the note given for her hire had been paid. The other facts, so far as necessary, are indicated in the opinion of the court.

Pridgen v. Buchannon.

Verdict and judgment in favor of defendants, and new trial refused.

*Friend & Lackey,* for the appellant.

MOORE, J.—This is the second time that this case has come before this court on the appeal of Pridgen, the plaintiff in the court below. On the former appeal, the judgment was reversed on account of erroneous instructions given to the jury. (24 Tex., 655.) It must be again reversed for the same reason. In the first instruction given by the court, the plaintiff's right to recover was made to depend upon its being shown that the negro was to be employed, under all circumstances, in De Witt county; and that in violation of such understanding, the defendants removed her to another more unhealthy locality. This instruction is more stringent against the plaintiff, Pridgen, than the facts of the case or the previous opinion of this court justify or sanction. By the charge the defendants were entitled to a verdict, unless there was both a violation of the contract, and the life of the negro was put in more hazard than was contemplated by the contract. In the second branch of the charge, the jury were directed to find for the defendants, if they believed it was within or not contrary to the contemplation of the parties for the defendants, under certain circumstances, as a failure of crops in De Witt county, to take the negro to Caney, or other place to pick cotton, and the negro had received every attention, &c. From this charge the jury may have inferred, if the negro could, in contemplation of the contract between the parties, have been carried from De Witt county to any other place to pick cotton, then this could be done, also, to Caney, without reference to the health of this particular locality. This charge is also objectionable from its tendency to lead the jury to infer that the failure of crops in De Witt county might, to some extent, enlarge the authority of the defendant to employ the negro in some other locality, although there is nothing in the testimony from which it can be supposed that such a circumstance was within the contemplation of the parties at the time of the hiring.

We may here remark, the exception of the plaintiff to the testimony showing the failure of crops in De Witt county should, for the same reason, have been sustained. The whole scope and tendency of the charge was to confuse the jury, and mislead them from the true and leading issues in the case. Especially must we so conclude when we consider, in connection with the instructions given by the court, the refusal to give those asked by the plaintiff, which were clearly applicable to the facts, and in strict accordance with the previous opinion of this court.

There was no evidence of a special contract between the parties, defining the place or character of employment in which the negro was to be engaged. The jury were, therefore, to be guided, in ascertaining these facts, by considering the time, place and circumstances of the hiring; the character of the property, and the occasion of its hiring; the residence and occupation of the parties at that time; the distance to which the negro was removed, and the additional danger to her life and health, if any, thereby incurred; and from all these circumstances, they should determine whether the negro was employed in a different or more hazardous manner than it is fairly to be inferred, was within the contemplation of the parties at the time of making the contract.

There was no error in overruling the exceptions of the plaintiff, Pridgen, to the special answer of the defendants Stubbs and Cage, alleging that they were only sureties with their co-defendant Buchannon, on his note for the hire of the negro, and not joint contractors with him in the hiring; and that they were not, therefore, liable for the damages which Pridgen may have sustained by the conversion or misuse of the negro by Buchannon. Without explanation the note may import that all of the payers were joint contractors for the services of the negro; but, without violation to its language or legal import, it is equally susceptible of the construction, that they were merely jointly and severally bound for the amount agreed upon between the parties to the contract of hiring for such services. In other words, it may be said that the instrument in writing does not embrace, nor was it intended to embrace the contract for the hire of the negro, but is

merely the consideration upon which the contract was founded. If this is so, the answer does not contradict the written instrument, but enables the court, in view of all the facts of the case, to determine its true import and legal effect.

The judgment is reversed and the cause remanded.