## P. UNGER v. J. ANDERSON'S EXECUTOR.

1. Suit on a joint and several promissory note was brought against appellant and two other makers of it. Appellant pleaded that he and one of his co-defendants were sureties for the third defendant. The court below allowed the plaintiff to dismiss as to the alleged principal and co-surety, without averring that they were dead, insolvent, or beyond the jurisdiction; after which, judgment was recovered against appellant. *Held,* error to allow the dismissal.

2. A petition on a promissory note should aver the making and execution of the note, as well as the ownership of it.

ERROR from Anderson. Tried below before the Hon. John G. Scott.

The opinion indicates the facts.

*Gammage & Hunter,* for plaintiff in error.

No brief for the defendant in error.

WALKER, J. Without any allegation of the death, absence beyond the jurisdiction of the court, or insolvency of Hamilton, the principal in the note, or Daniels, the co-security of the plaintiff in error, it was error in the court to allow the plaintiff to dismiss as to them, Unger having set up in his answer that Hamilton was the principal and Daniels his co-security. (Wiley *v.* Pinson, 23 Texas, 488 ; Mitchell *v.* De Witt, 25 Texas Sup., 180; Pridgen *v.* Buchanan, 27 Texas, 593 ; Paschal's Digest, Articles 4785, 4786, 4787 and 4788.)

The petition, as well as the amended petition, is defective. In a suit upon a promissory note, the plaintiff should aver the making and execution of the note, as well as the ownership. Authorities need not be referred to in support of these familiar principles.

The judgment of the District Court is reversed, and the cause remanded.

                              Reversed and remanded.