## CASES DECIDED BY COMMISSIONERS OF APPEALS AT AUSTIN TERM.

### J. F. HOOKS v. WM. BRAMLETTE.

(No. 736, Op. Book No. 2, p. 3.)

APPEAL from Lamar County. Opinion by WALKER, A. S., J.

§ 863. *Discontinuance; principal and surety; recital in judgment.* Where it is recited in the judgment that the suit was dismissed as to a defendant principal, because he is insolvent, the security cannot complain on appeal, unless it is shown that the suggestion or allegation of insolvency was not sufficiently made to the court or was not true in fact, either by resistance at the time, for cause shown, or by plea, which should be allowed in the nature of a plea in abatement to the suit, as left by the improper dismissal of the principal. [Lewis v. Riggs, 9 Tex. 164; White v. Leavitt, 20 Tex. 704.]

§ 864. *Pleading; where instrument is made exhibit.* In suit upon a note, where the note was made an exhibit attached to the petition, but in the body of the petition was incorrectly described, it was held that the exhibit of the note corrected the error in the petition and that there was no variance.

§ 865. *Indorsements of note.* Where the maker of a note has indorsed it, its production by the plaintiff authorizes a judgment in his favor without further proof.

§ 866. *Suretyship; issue of, to be tried, etc.* Article 3662 of the Revised Statutes [Pas. Dig. 4785] authorizes a defendant, upon a written statement of the matter being set out in his answer, to cause the question of suretyship to be tried and determined upon the issue made for the parties defendant at the time of the trial of the cause, or at any time before or after the trial, or at a subsequent

term; but such proceeding shall not delay the suit of the plaintiff. Of this act it has been held that "it was not intended to interfere with the former remedies of the holder of a note against the parties bound upon it, nor with the rules of practice before established in such suits, but merely to adjust the order in which debts should be paid as principal and surety, without causing any additional delay to the plaintiff, who was entitled to the money when collected." [Foster v. Champlin, 29 Tex. 30.]

**867.** *Discontinuance; principal and surety.* Where parties sign an obligation as principals, they are such in relation to the obligee, and in a suit against them, where citation as to one of them is returned not served, it is not error to discontinue the suit as to him, though his relation to the other defendants is that of a surety. The case of Unger v. Anderson, 37 Tex. 550, announcing a contrary rule, is not supported by the cases therein cited, viz.: Wiley v. Pinson, 23 Tex. 488; Mitchell v. De Witt, 25 Tex. Sup. 180; Pridgen v. Buchanan, 27 Tex. 592; and is contrary to the rule recognized in other cases, viz.: Ritter v. Hamilton, 4 Tex. 325; Lewis v. Riggs, 9 Tex. 165. Unger v. Anderson is overruled upon this point.

**§ 868.** *Discontinuance; principal, surety, etc.* A fair interpretation of articles 1426 and 1449, Pas. Dig. [R. S. 1257, 1207, 1208, 3667], seems to confine their operation to a suit brought against the defendant in his character as indorser, guarantor or surety, when his engagement had defined his position to be such, and does not extend to a case where he has made himself a principal upon the face and by the terms of the obligation. [Ritter v. Hamilton, 4 Tex. 327; Lewis v. Riggs, 9 Tex. 165.]

June 23, 1880.                                    Affirmed.