### N. A. JAMESON v. R. P. OFFICER ET AL.

Decided January 27, 1897.

**1. Evidence—Secondary—Accounting for Original.**

The principal maker of a promissory note obtained it from the payees by fraud and the latter brought suit on it, as a lost instrument, against the sureties. See evidence in such case held insufficient to show due diligence by plaintiffs to procure the original instrument, and secondary evidence of its contents improperly admitted for want of such showing.

**2. Surety—Extension—Release—Fraud.**

In a suit upon a lost note, being one surrendered by the payees to one of the makers for a renewal note extending the time of payment to which such maker had forged the names of his co-obligors, the latter were not released from liability on the original note by such extension—it having been procured by fraud—though they were, in fact, sureties, and the extension was in consideration of interest paid in advance; nor was it necessary to refund the interest so paid when it had become due at the time the fraud was discovered.

**3. Polling Jury—Directing Verdict.**

Where the court, under evidence authorizing such charge, instructed the jury to return a verdict for plaintiffs, a demand by defendants that the jury be polled was properly refused.

**4. Surety—Dismissal as to Principal.**

Plaintiffs could dismiss as to one of several joint makers of a promissory note and, without alleging his insolvency or absence, proceed to judgment against the others, though the latter were in fact sureties, where they did not sign in form as such.

APPEAL from the County Court of Coleman County. Tried below before Hon. B. F. ROSE.

*J. P. Ledbetter*, for appellant.—Plaintiffs having alleged that they accepted from Marshall, a note in payment of note sued on, purporting to be signed by defendants, but void as to defendants Jameson and Roby, but failing to allege any specific acts of fraud on part of Marshall and Jameson, or mistake on part of plaintiffs in accepting said substituted note as payment, and failing to offer to surrender said substituted note, and disclaim any interest under same, the petition was not sufficient to authorize the court to rescind the new contract and render judgment on the satisfied note against appellant. Kesler v. Zimmerschitte, 1 Texas, 50; Irion v. Mills, 41 Texas, 310; Bains v. Mensing, 75 Texas, 200; Grabenheimer v. Blum, 63 Texas, 373.

When suit is brought upon a lost note, a plea of "General Denial," puts in issue the execution of the note, and before parol or secondary evidence of its existence and contents can be admitted, the loss and absence of the original note must be shown and accounted for, and diligent search shown to have been made to procure same. Hampshire v. Floyd, 39 Texas, 103; Erskine v. Wilson, 20 Texas, 80; Robinson v. Brinson, 20 Texas, 441; Jordan v. Robson, 27 Texas, 615; Vandergriff v. Piercy, 59 Texas, 371; Low v. Tandy, 70 Texas, 746.

The court erred in refusing to poll the jury when requested by defendant. Rev. Stats., arts. 1324, 1325.

The pleadings and evidence, under the law of this case, having raised the issue of the execution of the note sued on, and defendants liability as surety, and whether or not said note was lost and could not be procured by reasonable diligence, and being material issues in the case the court erred in refusing to submit them. Const., art. 1, sec. 15; Rev. Stats., arts. 1257-1259, 1308, 1317-1321; Bank v. Bates, 76 Texas, 336; McIlhenny v. Blum, 68 Texas, 200.

The court erred in refusing to give defendant's special charge No. 3, viz: "The jury are instructed that if from the evidence they believe that plaintiffs and defendant Jameson are equally innocent of any fraud committed, if they believe any fraud was committed, by H. L. Marshall, on both parties to this suit, and that plaintiffs or defendant Jameson, one or the other, must suffer loss from such fraud, if any, then the party must suffer who has been guilty of the least diligence in the matter of detecting such fraud, and you should find against the party who, you find, has been guilty of such least diligence." Kesler v. Zimmerschitte, 1 Texas, 50; Crosby v. McWillie, 11 Texas, 93.

Plaintiffs could not disaffirm their contract in part and ratify it in part. Grabenheimer v. Blum, 63 Texas, 369; Wooters v. Smith, 56 Texas, 208.

When by a contract, binding in law, between the payee and principal of a note, without the knowledge or consent of the sureties, the principal secures an extension of time for the payment of the note, the sureties

are released from further obligation thereon. Benson v. Phipps, 87 Texas, 578; Mann v. Brown, 71 Texas, 241.

Plaintiffs having released H. L. Marshall, principal on note sued on, or joint obligor, released appellant, either as joint obligor or surety—if, if fact, he was either, and the judgment against appellant was contrary to the law of this case. McIlhenny v. Blum, 68 Texas, 200; Bridges v. Phillips, 17 Texas, 128; Bank v. Bates, 76 Texas, 336.

*H. C. Randolph*, for appellees.—Where an instrument of writing is shown to be in the hands of one of the parties who executed it and it is not produced in court, after demand made by the opposite party at interest, then secondary evidence is admissible to prove its existence and contents.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—A statement of this case will be found in 20 S. W. Rep., 246, where it was decided by this court on the former appeal.

The suit was brought by appellees on a lost note alleged to have been executed by H. L. Marshall, J. H. Robey and N. A. Jameson.

Appellees alleged in their petition that after the execution of the note sued on H. L. Marshall, acting for himself and purporting to act for the other defendants, took up said note and delivered to them another note, for a like amount, purporting to be made by the same parties; that the signatures of Jameson and Robey to the renewal note were believed at the time by the plaintiffs to be genuine, but that in fact they were forgeries; that H. L. Marshall was totally insolvent, a fugitive from justice, and his whereabouts unknown to the plaintiffs, and that they were unable to produce the note sued on, and notice was given to the defendants to produce the same, or secondary evidence of its contents would be offered by the plaintiffs.

At the time of the transaction in question the testimony shows that the plaintiffs were engaged in the banking business under the firm name of McCord, Cameron & Co.

W. N. Cameron, one of the plaintiffs, testified as follows: "I was the general manager of said firm and the only one authorized to transact the general business, and as such manager it was my business to receive all notes taken by the firm and to enter same on the books of said bank or see that same was so entered. On or about the 19th day of August, 1890, I accepted a note for plaintiffs, purporting to be signed by H. L. Marshall, N. A. Jameson and J. H. Robey. The note bore date Aug. 19, 1890, due and payable sixty days after date thereof, to the order of McCord, Cameron & Co., for the sum of two hundred and twenty dollars, with interest from maturity at the rate of 12 per cent per annum, and a reasonable attorney's fee if placed in the hands of an attorney for collection. This note was never paid. It was taken up by a renewal note for the same amount, purporting to be signed by the same parties. I cannot say what became of the note. I haven't got it.

The note nor none of the renewal notes have ever been paid by Marshall or any one else. H. L. Marshall left Coleman County in August, 1891, to the best of my recollection. At that time he had the reputation of being insolvent. Soon after he left I had occasion to have his property examined, and found that it was all mortgaged. I heard that H. L. Marshall had left the country and that he had been guilty of forgeries."

This is all of the testimony in the record tending to excuse the plaintiffs for not producing the note sued on.

Appellant objected to the plaintiffs proving by Cameron and by appellant, Jameson, the contents and execution of the note sued on, among other reasons, because the plaintiffs had not shown sufficient diligence to procure the note itself. This objection was overruled, and the testimony admitted in evidence.

Upon the trial, and presumably before this testimony was offered, the plaintiffs dismissed their suit as against the defendant Marshall. Therefore the case does not come within the rule which excuses a party from producing an instrument alleged and proved to be in the possession of the opposite party, who has been given notice to produce the same. Unless the testimony shows that the plaintiffs had exercised due diligence to procure the note and failed to do so, they were not entitled to prove its contents and execution; and, in our opinion, the evidence fails to meet the burden resting upon them in this respect. Cameron's testimony indicates that he delivered the note to H. L. Marshall, and he states that Marshall left Coleman County in August, 1891, and that he had heard that he had been guilty of forgeries. He does not show that he did not know and had not known for months or years where Marshall resided. In fact, for aught that appears in the testimony, Marshall may have been residing in Coleman County at the time the case was tried.

The other assignments of error are not well taken.

As held on the former appeal, the agreement to extend the time of payment having been procured by fraud, it was not binding upon appellees, and therefore appellant, though a surety, was not released. There was no conflict in the evidence on this issue, and the fraud was clearly shown. The consideration for the extension was the payment of interest in advance, and as the interest was due and Marshall insolvent when the fraud was discovered, it was not necessary to offer to refund the interest so paid. Under the circumstances, considering the evidence that had been admitted, it was proper to direct a verdict for the plaintiffs. Nor did the court err in refusing to have the jury polled. Having peremptorily directed the jury to return a particular verdict, it was immaterial whether they assented thereto or not. When the court has the right to direct a jury to return a particular verdict, the verdict is a mere matter of form to serve as the basis of a judgment.

The defendants were not sued as sureties, and the testimony did not indicate that the instrument sued on was signed by either of them in

that capacity. Therefore, the plaintiffs had the right to dismiss as to Marshall without proving that the latter was insolvent, out of the State, or that his whereabouts were unknown. Ritter v. Hamilton, 4 Texas, 325; Ennis v. Crump, 6 Texas, 86; Lewis v. Riggs, 9 Texas, 164; Head v. Building & Loan Ass'n, 25 S. W. Rep., 810.

For the reason above stated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*