MICHAEL TIERNEY et al., Appellants, v. MARTIN HANNON'S Executor, Respondent.

St. Louis Court of Appeals, November 14, 1899.

1. **Probate Court:** APPEAL FROM: EFFECT OF CROSS-EXAMINATION.: WAIVER. The witness called by appellant on the trial in the probate court was a party to the contract with the decedent, and therefore incompetent to testify in her own favor, except as to the handwriting of the charges in the book of accounts and when they were made. The examination in chief was confined to the statutory limit, but the cross-examination extended to all matters pertaining to the account in the suit, and by which the respondent made her his own witness and waived the statutory incompetency.

2. ———: EXAMINATION IN PROBATE COURT: WITNESS COMPETENT
IN THE CIRCUIT COURT. When the respondent executor remov-
ed the incompetency of the claimant to testify by his cross-exam-
ination of her, with respect to the account in suit in the pro-
bate court, he waived the right to object to her testifying in the
same cause on appeal in the circuit court on her own behalf, as to
all matters within the range of respondent's cross-examination of
witness in the probate court.

Appeal from the St. Louis City Circuit Court.—*Hon. H. D Wood,* Judge.

REVERSED AND REMANDED.

*Frank K. Ryan* and *E. A. Feehan* for appellant.

Where deceased's representative examines the other
party as to transactions with deceased, he thereby waives the
incompetency of such party. "To constitute such a waiver,
it is not necessary that he should have been put upon the
stand by deceased's representative; but if, after he has been
examined concerning indifferent matters in his own behalf, he
is asked a question upon cross-examination in relation to a
transaction between himself and the deceased, that renders
him the witness of the opposite party and competent to speak
to the whole matter." 13 Central Law Journal, 342, citing
Thomas v. Thomas, 42 Ala. 120, and Harper v. Parks, 63
Ga. 705. "Where a party, competent for some purposes in
his own behalf, though incompetent for others, has testified
for himself, he may be compelled on cross-examination to tes-
tify to other matters, and then becomes the witness of the
other party." 2 Woerner on Administration, chap. XLII,
sec. 398, p. 834; Carney v. Carney, 95 Mo. 353; Tomlinson
v. Ellison, 104 Mo. 114; Hickman v. Green, 123 Mo. 165;
Banking House v. Rood, 132 Mo. 256; Ess v. Griffith, 139
Mo. 322; Hume v. Hopkins, 140 Mo. 65; In re Estate of Sou-
lard, 141 Mo. 642; Borgess Inv. Co. v. Vette, 142 Mo. 560;
Nichols v. Nichols, 147 Mo. 403. (2) Where a party waives
the incompetency of a witness, he can not raise the objection
at a subsequent stage of the same proceeding. McKinney

v. Railroad, 104 N. Y. 52; Bait v. Fischkorn Bros., 151 Pa. St. 466; Boone v. Ridgway's Ex'rs, 29 N. J. Eq. 543; Hord's Adm'r v. Colbert, 28 Gratt. 44; Lisbon v. Bath, 23 N. H. 1; Hudson v. Crow, 26 Ala. 521; In re Estate Dunlap, 94 Mich. 11; Thomas v. Irvin, Adm'r, 90 Tenn 512.

*J. W. Evans* and *Geo. W. Wolff* for respondent.

(1) This witness, being one of the claimants in this action, was disqualified to testify, except as to whose hand-writing the items charged in the book are, and when made. Sec. 8918, R. S. 1889. What transpired in the oral cross-examination in the probate court is of no importance in the hearing on appeal to the circuit court, because the circuit court must hear the cause *de novo*. Sec. 292, R. S. 1889. In the matter of Wilson's Estate, 89 Mo. 58, is to the same effect, the court holding, in addition to the foregoing, that this court would not review the action of the probate court. The authorities cited by appellants' counsel are not in point as they refer to instances where the testimony was reduced to permanent form either by deposition or bill of exceptions, or where the waiver occurred in the court whose action is being re-viewed. What occurred in the probate court orally, could not affect the rights of claimants in the circuit court, as there was nothing in the record or in the proceedings in the circuit court to adversely influence the court or jury. But, in addi-tion to the other reasons against appellants' contention, they having made claimant their witness in the probate court the executor had the right to cross-examine her generally, and the exercise of that right surely does not estop him from object-ing to her testimony in the appellate court, where the trial is *de novo* and where the executor refrains from subjecting the witness to examination.

BOND, J.—Plaintiffs claimed in the probate court an allowance of $800, as the balance of an account in their favor

against the estate in the hands of the defendant as executor. Defendant filed a counterclaim. There was a judgment for plaintiffs in the probate court and against the counter-claim, from which defendant appealed to the circuit court. On the trial in the circuit court plaintiffs called as a witness in support of the account, one of the claimants, claiming the right to do so because it was admitted that this witness, after being introduced on behalf of plaintiffs in the probate court and testifying on direct examination to the extent permitted by statute, was cross-examined by defendant as to the merits of the whole account. The court excluded this witness. Plaintiffs' excepted and saved their point on their motion for a new trial and present it for review on their appeal to this court.

The witness called by the appellant on the trial in the probate court was a party to the contract with the decedent which was on trial, and hence was not competent to testify in her own favor except as to the handwriting of the charges in the book of accounts and when they were made. R. S. 1889, sec. 8918. After an examination in chief confined to the statutory limit, respondent cross-examined this witness as to all matters pertaining to the account in suit, and concerning which she would not have been entitled to speak except as a witness for respondent. By so doing respondent made her his witness and waived her statutory incompetency, since the rule is well settled that the cross-examination of a witness of limited competency in excess of examination in chief confined strictly to the matters concerning which the witness is privileged to testify, makes the witness that of the party so cross-examining. Nichols v. Nichols, 147 Mo. loc. cit. 403.

The only remaining question is, whether or not this waiver in the probate court of the incompetency of the witness to testify generally rendered her competent to testify in her own favor upon a trial anew in the circuit court? These exact facts have not been presented for adjudication in the appellate courts of this state, but it has been repeatedly held

that the taking of a deposition of a party, incompetent to testify under the statute, by her adversary, is a full waiver of such incompetency and entitled the deponent in a subsequent trial in court to appear and testify in his own behalf as to all matters within the scope of the deposition, whether it is read or not by the party who took it.   Borgess v Vette, 142 Mo. loc. cit. 571; In re Estate of Soulard, 141 Mo. 642; Ess v. Griffith, 139 Mo. loc. cit. 330; Tomlinson v. Ellison, 104 Mo. 114.   In New York it is held that where the plaintiff in a suit for personal injuries on one trial calls his physician to testify, this is a waiver of the statutory incompetency of the witness, and entitles the defendant on his own behalf to call the witness to testify on a second trial of the action.   McKinney v. Railroad, 104 N. Y. 352 and 354.   In Pennsylvania (Forrester v. Kline, 64 Pa. St. 29), it is ruled that the examination of a defendant by plaintiff at an arbitration removes the incompetency of the witness to testify on his own behalf in a subsequent suit in court.   To the same effect is Lisbon v. Bath, 23 N. H. 1.   In Den v. Dowman, 13 N. J. L. 147, it is said: "If a party will avail himself of a witness whom he and not his adversary can exclude, he surely ought not to be allowed to close his mouth when his adversary would examine him." See also Thomas v. Irvin, 90 Tenn. 512, and in re Estate Dunlap, 94 Mich. 11.   The ground of these decisions is the obvious unfairness of permitting a party to call a witness who can not testify for himself, and, when it is discovered that the testimony so elicited is unfavorable, for that reason, to refuse to allow such witness to testify on his own behalf in subsequent proceedings.   The cases announcing this rule can not be distinguished in principle or reason from the facts presented on this appeal.   For while it is true (as stated by respondent) that the circuit court on appeal from the probate court must proceed to try the case anew "without regarding any error, defect or other imperfection in the proceedings in the probate court" (R. S. 1889, sec. 292); it is also true that

the second trial of a cause originating in the circuit court is conducted with a like disregard of the proceedings on the first trial, and yet, as has been seen, in New York it is held that on a second trial of the same cause a witness may be called to testify for one party on account of the previous waiver of his statutory incompetency by the other party on the former trial. There is no valid reason why the same rule should not apply to the trial in the circuit court of a cause which had been previously tried in the probate court. While it is true the oral testimony of a witness on a trial in the probate court is not preserved by a bill of exceptions, neither on the second trial of a case in the circuit court is there any bill of exceptions of the proceedings had on a former trial. But in both cases it is competent to prove on the second trial what was said by a party testifying against his interest on the first trial, the only difference between showing this by witnesses and showing it by bill of exceptions or deposition being one of method of proof. This also answers the argument of respondent that the decisions of our supreme court were rested on the fact that the evidence of the waiver of the statutory incompetency of the party was in the permanent form of a deposition or a bill of exceptions. Our conclusion is that when the executor removed the incompetency of the claimant to testify by his cross-examination of her as to the basis of the account in suit in the probate court, that he could not on a subsequent trial in the same cause in the circuit court, when she was called to testify on her own behalf, object to her competency so to do as to all matters within the range of his previous cross-examination in the probate court.

The result is that the judgment in this case is reversed and the cause remanded to be tried in conformity with this opinion. All concur.