KATHERINE GRIEB ET AL. V. MARIAH STAHL ET AL.

o. 1783.  Decided January 29, 1908.

**1.—Evidence—Transactions with Decedent—Depositions.**

Defendant in a suit against her by the heirs of her deceased husband could not testify as to transactions between herself and decedent, though her deposition relating thereto had been taken ex parte by the plaintiffs and afterwards suppressed on their motion on account of her misconduct in testifying.  If, by the act of taking l⸗ deposition they should be held to have called her as a witness and made her testimony competent, it would not have this effect where their right to take it as the statute prescribed was defeated by her own conduct and the deposition quashed for that reason.  (Pp. 308, 309.)

Question certified from the Court of Civil Appeals for the First District, on error from Harris County.

*Lewis Fogle,* for plaintiffs in error.—In a suit by heirs, an adverse party can not testify as to transactions with or statements by the decedent, unless called to testify thereto by the opposite party.  Stuart v. Altman, 8 Texas Civ. App., 659; Gilroy v. Richards, 63 S. W. Rep., 667; Bilger v. Buchanan, 6 S. W. Rep., 408; Glover v. Thomas, 75 Texas, 508; Howard v. Zimpelman, 14 S. W. Rep., 60; Pinney v. Orth, 88 N. Y., 451; Johnson v. Lockhart, 16 Texas Civ. App., 35; Simpson v. Brotherton, 62 Texas, 170; Hynes v. Winston, 54 S. W. Rep., 1069, 1070; Pennybacker v. Hazelwood, 61 S. W. Rep., 153.

The deposition having been quashed, it was not evidence, and could not be considered in the case.  A witness is "called to testify" by the party offering his testimony in evidence, and not by the party who sues out a commission to take his deposition.  Western Union Tel. Co. v. Lovely, 69 S. W. Rep., 128; Ivey v. Bondies, 44 S. W. Rep., 916; Nichols & Co. v. Jones, 36 Texas, 448; Jackson v. Munford, 74 Texas, 104, 110; McCutchen v. Jackson, 40 S. W. Rep., 177; Houston & T. C. Ry. Co. v. Ritter, 16 Texas Civ. App., 485; Joy v. Liverpool L. & G. Ins. Co., 74 S. W. Rep., 822; Long v. Fields, 71 S. W. Rep., 774.

*F. F. & E. T. Chew,* for defendants in error.—A party to a suit will not be permitted to examine an adverse party to the suit, or even a witness interested in the subject matter of the suit, and afterwards to object to the competency of the witness, if he should dislike his testimony.  The rule is the same in equity and at law, and is applied equally to testimony given in a deposition in writing, and to an oral examination in court.  Gilkey v. Peeler, 22 Texas, 668, 669; Hadley v. Upshaw, 27 Texas, 550; Johnson v. Alexander, 14 Texas, 382.

Both parties to a suit are considered as having a joint interest in a deposition when cross-interrogatories have been filed and answered, and either party has the right to use the deposition upon the trial of the case.  Rev. Stats., art. 2289; San Antonio & A. P. R. R. Co. v. Cockrill, 72 Texas, 613, 619; King v. Russell, 40 Texas, 132; New York T. & M. R. R. Co. v. Green, 90 Texas, 257.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified questions from the Court of Civil Appeals for the First District are as follows:

"In this cause plaintiffs sue in trespass to try title to recover of defendants certain real estate, together with rents thereon.

"Plaintiffs claim the property, or an undivided one-half thereof, as the heirs at law of one Louis Stahl, deceased, alleging that the property was his separate estate.

"Mariah Stahl is the surviving widow of said Louis Stahl, who died leaving no issue and no heirs at law except plaintiffs, who are his sisters. The property was acquired by Louis Stahl before his marriage with the said Mariah.

"It is the contention of defendants that the property was bought by Louis Stahl, and the deed made to him, for the use and benefit of the said Mariah, then Mariah Peters; that the cash payment was made with money belonging to the said Mariah, and the note given by Stahl for the balance of the purchase money was also paid by her with her separate means before the marriage.

"If the property is either the separate estate of Mariah Stahl or the community estate of herself and Louis Stahl, plaintiffs are not entitled to recover. If it is the separate estate of the said Louis Stahl, there being no children, plaintiffs would be entitled to an undivided one-half interest in the property, and the rents thereof. The other defendants, besides Mariah Stahl, claim title under her. Mariah Stahl disclaimed but not in time to save her from a judgment for cost. She would also be liable for a part of the rents, if plaintiffs recover.

"Upon trial there was a verdict and judgment for defendants and the cause is now in this court on appeal. Error is assigned by plaintiffs in error, plaintiffs below, upon the ruling of the court in overruling their objections to the introduction in evidence of certain answers of Mariah Stahl in her deposition taken and read in evidence by defendants in error, defendants below, the objection being that the testimony objected to was as to the statements by the deceased Louis Stahl, and transactions between himself and the witness. The circumstances with regard to this deposition are as follows:

"Plaintiffs in error filed interrogatories to the said Mariah Stahl and took her deposition ex parte under the statute. The interrogatories called for the testimony of the witness as to statements by, and transactions with, the deceased Louis Stahl. After the deposition was taken and returned into court, plaintiffs in error filed a motion to quash the same on the ground of misconduct of the witness in answering the interrogatories, such misconduct being, so far as we can gather (the motion to quash not being in the record), that the witness talked with her codefendant, Leilah Wagner, with regard to her answers, the said Leilah being present while her answers were being taken . This was also accompanied with some evidence tending to show that the witness had tried to evade having her deposition taken. After this motion to quash was filed and before it was acted upon, defendants in error propounded

interrogatories to the said Mariah Stahl which were crossed by plaintiffs in error, and her deposition was taken and returned into court. After this deposition was returned the court sustained the motion of plaintiffs in error to quash the ex parte deposition taken by them, upon the grounds assigned, of the misconduct of the witness as aforesaid. The case then coming on for trial defendants offered in evidence the deposition of Mariah Stahl taken by them. Plaintiffs in error objected to her answers to certain interrogatories on the ground of the interest of the witness; that this was a suit by the heirs of Louis Stahl, and that the answers were with regard to statements by the deceased Louis Stahl and transactions between him and the witness. The objection was overruled by the court, and the answers allowed to be read on the ground, as stated in the bill of exceptions, 'that plaintiff having theretofore taken the ex parte deposition of said witness, in which said witness was interrogated by plaintiffs as to the same transactions, plantiffs had thereby called said witness to testify as to such transactions and made said witness competent to testify thereto, notwithstanding said ex parte deposition had been quashed upon motion of plaintiffs and had not being introduced in evidence by either party.'

"The testimony objected to is of a most material character and is of such a character as to be clearly inadmissible under article 2302, Revised Statutes, unless the taking of the ex parte deposition of the witness, afterwards quashed, as stated, brings it within the exception which allows a witness to testify as to such matters 'when called to testify thereto by the opposite party.'

"Defendants in error contend that the decision of the question is controlled by the decision of the Supreme Court in Gilkey v. Peeler (22 Texas, 668); Hadley v. Upshaw (27 Texas, 550), and Johnson v. Alexander (14 Texas, 382).

"We are not inclined to concede that these authorities are applicable; but in view of the uncertainty and doubt in our own minds upon this point, rather than reverse and remand the cause for another trial upon this ground alone, we have thought it proper to certify the question to your honorable court. We would therefore respectfully request an answer to the following question:

"Did the trial court err in overruling the objection of plaintiffs in error and admitting the testimony referred to?"

The question is answered in the affirmative. If it be true that the plaintiffs, by interrogating the defendant concerning transactions with the deceased, "called" her to testify thereto, in the sense of the statute, so that, if she had complied with the law in answering, her incompetency would have been obviated, it is also true, we think, that this result does not follow if by her misconduct in giving her answers she destroyed the legal effect which a deposition properly given would have had. The statute which permits one party to take the deposition of his adversary authorizes the use of the answers as evidence in the cause in favor of either party. This is what is decided in Hadley v. Upshaw (27 Texas, 550). It contemplates, however, that the deposition shall be given under

such safe-guards as will, as far as possible, secure full and truthful disclosures as to the facts about which the party is called upon to testify. When this purpose is thwarted by the witness, through a disregard of the law regulating the taking of the deposition, his opponent should not, in our opinion, be treated as if he had secured the answers of his adversary in the way in which he intended to obtain them and in which the law intends he shall have them.

In suppressing the deposition the court adjudged that the misconduct of the defendant had been such as to entitle the plaintiff to that relief. This amounted to an adjudication that the deposition had no legal standing in the case. Thereafter neither party could use it as evidence. With this much established, should it be held that the effort of the plaintiffs to obtain the answers of the defendant, under the safe-guards erected by the law, amounted to a calling of her to testify upon the same subject at another time and under circumstances and conditions selected by herself? We think not. When the defendant, in the· manner stated in the certificate, defeated the purpose in view in seeking her answers, she relieved the plaintiffs from the consequences that might have followed had she given her answers as the law intends she shall, and as the plaintiffs had the right to expect she would, give them. She did not, if the action of the trial court in suppressing the deposition be correct, submit herself to the kind of an examination to which the plaintiffs had the right to subject her, and it is only fair to hold that the plaintiffs only called her to testify in that kind of an examination about the facts which she was incompetent to testify to in her own behalf.

The cases relied on by the defendants in error do not deal with the aspect of the subject which we have discussed, nor have we found ·authority upon the point elsewhere. There is much diversity of opinion among the courts of other States upon the general question decided in Gilkey v. Peeler, 22 Texas, 668, and others closely related to it. (Tierney v. Hannon, 81 Mo. App., 488; Bair v. Frischkorn, 151 Pa. St., 466; Ess v. Griffith, 139 Mo., 322; House v. Camp, 32 Ala., 541; German v. Browne, 39 So., 742; Crary v. Sprague, 12 Wend., 45; Elliott v. Schultz, 10 Humph. (Tenn.), 235.) Other· cases might be cited, but these will show the differences of opinion that exist upon questions as to the calling of incompetent witnesses to testify by parties entitled to urge the incompetency. As before stated, none of them decide the question here presented.