### HAMNER v. BARKER et al.

(Court of Civil Appeals of Texas. Austin. Jan. 10, 1912. Rehearing Denied Feb. 28, 1912.)

1. PARTNERSHIP (§ 34*)—LIABILITY OF PARTNER—LIABILITY BY ESTOPPEL.

Liability as a partner to a third person by holding one's self out as such without an actual partnership is based on the doctrine of estoppel.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 49; Dec. Dig. § 34.*]

2. PARTNERSHIP (§ 213*)—PLEADING—NECESSITY.

A partnership by way of estoppel by holding one's self out as a partner must be specially pleaded.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

3. PARTNERSHIP (§ 213*) — PLEADING—SUFFICIENCY.

Allegations of the petition which averred facts charging one with the liability of a partner by estoppel by holding himself out as such were sufficient as a plea of estoppel, in the absence of special exception, though they did not specifically allege that defendant was estopped

to deny the partnership, or denominate the plea as one of estoppel.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

4. INDEMNITY (§ 13*)—LIABILITY OF VENDOR.

One who agreed to convey lots to persons to whom defendants sold them, and who refused to convey to plaintiff a lot sold to him by defendants after receiving the purchase price, would be liable to defendants only for the sum they were required to pay plaintiff because of failure to convey the lot, making it error to render an unconditional judgment against such person.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13;* Master and Servant, Cent. Dig. §§ 1237, 1240.]

Appeal from Palo Pinto County Court; J. C. Houts, Judge.

Action by H. B. Barker against Ed. J. Hamner and others. From a judgment for plaintiff and for cross-complainants against the defendant named, the latter appeals. Reformed and affirmed.

Ed. J. Hamner and Stephens & Miller, for appellant. W. B. Crockett, for appellees.

KEY, C. J. H. B. Barker brought this action against Ed. J. Hamner, B. N. Garrett, J. H. Woodard, J. Woodard, and R. F. Woodard, seeking to recover $550 and interest thereon. He alleged in his petition that all the defendants were partners engaged in promoting and selling an addition to the city of Colorado, in Mitchell county, Tex., consisting of about 300 lots. He alleged that one Lawrence, as agent of the defendants, made certain false representations to him, by which he was induced to purchase a certificate entitling him to eight lots to be set aside to him in the manner prescribed in the contract at what was termed an "opening" to be held within six months after the contract was made. He alleged and proved that he paid Lawrence, in money and property, $480 for the eight lots, and that he had demanded from the defendants a deed to the property, and that they had refused to comply with that demand, although the time for doing so had long since expired. The plaintiff's petition contained, in substance, a second count, in which he alleged, in effect, that, if Hamner was not a partner of his codefendants, all the other defendants were partners, and that they received the consideration paid by the plaintiff to their agent Lawrence, and delivered the same to the defendant Hamner, who, with knowledge of the fact that it had been obtained by fraud on the part of Lawrence claiming to act as agent for the defendants, appropriated it to his, Hamner's, own use and benefit, and thereby became liable to the plaintiff.

The defendant, Hamner, in his answer denied under oath the existence of any partnership between him and the other defendants, denied that Lawrence was his agent for any purpose, and averred that, if the latter

made any representations to the plaintiff, they were without his, Hamner's, knowledge or consent. He alleged that he was the owner of the land referred to, and had entered into a contract to sell the same to the defendant Garrett, who had breached the contract and forfeited his right to the land, together with such payments as he had made thereon. The other defendants filed answers alleging that defendant Hamner had agreed and obligated himself to make deeds to lots as they were sold and the purchase money paid to him, and that, although he received the purchase money paid by the plaintiff, he had refused to make plaintiff a deed; and they asked for judgment over against Hamner for whatever amount the plaintiff might recover against them.

The case was tried by the court without a jury, and judgment rendered in favor of the plaintiff against all the defendants for $480 principal and $67.40 accrued interest, and in favor of the other defendants against Hamner for $400 principal and $55 accrued interest, and Hamner alone has appealed.

The trial judge filed conclusions of fact and law, from which it appears that he held Hamner was liable first, because Lawrence, the agent who perpetrated the fraud on the plaintiff, was in law Hamner's agent; second, because the defendants were all partners, and therefore Lawrence, who had been employed by one of the other defendants, was acting for Hamner; and, third, because Hamner, by reason of permitting the use of his name as president of the company on advertising literature used by the other defendants, was estopped from denying. that he was a partner. It is contended on behalf of appellant that the question of estoppel was not in the case, because it was not pleaded by the plaintiff, that the proof fails to show that appellant was a partner with either of his codefendants, and also fails to show that either of his codefendants or their agent Lawrence was acting as agent for or representing appellant in any of the transactions between them and appellee, and therefore it is contended that the judgment should be reversed. We think the proof affirmatively shows that as a matter of fact and as between them appellant Hamner was not a partner of his codefendants, but we hold that the judgment in favor of the plaintiff Barker against him should be affirmed on the trial court's finding that he was estopped. It is contended in appellant's brief that estoppel was not pleaded, and for that reason the trial court erred in holding him liable upon that theory.

[1, 2] There are authorities which hold that, as between an alleged partner and a third person, partnership may be established by proof of the fact that the alleged partner permitted himself to be held out to such third person as a member of the partnership, although, in fact, he may not have been such. The writer of this opinion doubts the correctness of the authorities referred to, and believes that in the class of cases mentioned, if liability exists, it must be founded upon the doctrine of estoppel; and it is well settled that where recovery is sought, or a defense interposed upon such ground, the estoppel must be pleaded. However, in this case we hold that the fifth subdivision of the plaintiff's petition presented the question of estoppel. That paragraph alleged the existence of certain facts by reason of which it was averred Hamner became liable to the plaintiff Barker, and liability upon the facts stated would rest upon the doctrine of estoppel.

[3] It is true that the pleading referred to is not denominated a plea of estoppel, and does not, in specific terms, allege that Hamner was estopped by reason of the facts stated, and it may have been vulnerable to a special exception for that reason, but no such exception was urged against it. In fact, while the answer of the defendant Hamner contained certain exceptions to the plaintiff's petition, they seem to have been waived, as the record fails to show that the trial court made any ruling upon any exceptions to the plaintiff's petition. We think testimony was submitted which supports the trial court's finding that appellant was estopped from denying the partnership, and for that reason we affirm the judgment as between him and appellee Barker.

[4] We sustain appellant Hamner's contention that it was error to render an unconditional judgment against him in favor of his codefendants, and, in that respect, the judgment will be reformed so as to permit them to recover against him for such amount only as they may pay to the plaintiff upon his judgment; and, as thus reformed, the judgment will be affirmed. The costs of this appeal will be taxed against all of the appellees, except appellee Barker.

Reformed and affirmed.