## FEDERAL PETROLEUM CO. v. CATOR et al. (No. 2126.)

(Court of Civil Appeals of Texas.   Amarillo. Nov. 14, 1923.)

1. Partnership ⬿279—Third parties cannot be affected by agreements between members by which they dissolve.

Third parties cannot be affected by private agreements between members of a partnership by which they dissolve their connection.

2. Partnership ⬿259—Creditors authorized to act on presumption that partnership held out to public continues until notice of dissolution.

Where parties hold themselves out to the public as partners, and authorize others to contract and deal with them, or either of them, on faith of their joint liability, such creditors are authorized to act upon the presumption that such relation continues until notice is given them of dissolution.

3. Partnership ⬿259—Presumed to continue until notice of dissolution.

A partnership, once established, is presumed to continue until proper notice of dissolution has been given.

Error from Hansford County Court; A. H. Storrs, Judge.

Suit by the Federal Petroleum Company against L. S. Cator and another. Judgment for named defendant, and plaintiff brings error. Reversed and rendered.

W. D. Fisher, of Canadian, for plaintiff in error.

Hoover, Hoover & Willis, of Canadian, and C. D. Works, of Spearman, for defendant in error.

HALL, C. J. Plaintiff in error, a corporation, filed this suit upon a verified account against L. S. Cator and E. L. Byrd, alleged to be partners, doing business in the town of Spearman, under the name and style the Monroe Garage, to recover the sum of $253.99, together with interest and costs of suit. Defendant in error Cator denied the allegation of partnership under oath. Plaintiff in error filed a supplemental petition, alleging that Cator & Byrd were partners at the time the goods sued for were sold, and that if they were not partners they each held themselves out to the world as such, and that if the partnership was ever dissolved no notice was given of such dissolution to the plaintiff in error, and that by their acts and conduct they had led plaintiff in error to believe that they were partners, and had induced the sales to them as such; that the business had been continued as the Monroe Garage, and the said Cator, having failed to give notice of dissolution or his withdrawal from the firm, was estopped to deny the fact of partnership. Numerous questions are raised with reference to the ruling of the court upon exceptions to pleadings and other matters which we do not think it necessary to discuss. The plaintiff in error introduced as witnesses two of its traveling salesmen, who testified concerning sales made to the Monroe Garage and to Byrd. Numerous letter heads, orders, and checks were introduced tending to prove that Cator was a member of the firm. He testified that he sold the garage to Byrd about the 20th of November, 1920. On February 12, 1921, the plaintiff in error wrote Cator a letter requesting the settlement of an account due them for goods sold to the Monroe Garage, and on the bottom of the letter is written:

"Inclosed please find check for $72.00 to cover my account above. Yours truly, L. S. Cator."          •

The items making up this account were sold, some of them as late as January and February, 1921, after Cator claims he had sold out to Byrd. Cator testified that he bought the garage from one Gatlin, May 29, 1920, and conducted it as a garage until he sold to Byrd, November 20, 1920. He denied that he was ever a partner with Byrd, but admitted that he was around the place of business several times, and that after he purchased the building and business they adopted the name of the Monroe Garage, because they were handling the Monroe car. He identified letter heads of the Monroe Garage upon which his name appeared as president and upon which he had written to the plaintiff in error concerning certain orders and accounts between them. He admitted having paid plaintiff in error several accounts, claiming that some of them had been made by his predecessor, Gatlin. He further

─────

admitted that when he sold the business to Byrd there were goods in the house which he had purchased from plaintiff in error, and that in said sale no effort was made to comply with the requirements of the Bulk Sales Law. He states that he never gave any notice to plaintiff in error that he had sold out the stock, did not send them any notice through registered mail or 'otherwise, nor did he ever tell the traveling salesmen of plaintiff in error that the business had been sold. He admits that after the time in which he claims to have sold the business to Byrd he saw in the T-Bone Café a sign which Byrd had put up advertising the Monroe Garage, with Byrd & Cator as proprietors.

[1-3] Third parties cannot be affected by private agreements between members of a firm by which they dissolve their connection. When they have held themselves out to the public as partners, and authorized others to contract and deal with them or either of them upon the faith of their joint liability, such creditors are authorized to act upon the presumption that such relation continues until notice, express or implied, is given them of the dissolution of the partnership, and a partnership once established and known to exist is presumed to continue until proper notice of dissolution has been given. Devine v. Martin, 15 Tex. 25; Tudor v. White, 27 Tex. 589; Miller v. Laughlin (Tex. Civ. App.) 147 S. W. 711; Thompson v. Harmon (Tex. Civ. App.) 152 S. W. 1161; 20 R. C. L. 849, § 54; Id. 964, § 191; Rodgers-Wade Fur. Co. v. Wynn (Tex. Civ. App.) 156 S. W. 340; Hamner v. Barker (Tex. Civ. App.) 144 S. W. 1180; Green v. Bank, 78 Tex. 3, 14 S. W. 253; White v. Hudson (Tex. Civ. App.) 36 S. W. 332.

Because the testimony is uncontradicted that Cator had once conducted the garage under the name of the Monroe Garage, and that no notice of his withdrawal from the firm, if, indeed, he had withdrawn, was ever given to plaintiffs in error, the judgment is reversed, and here rendered that plaintiff in error recover of both Cator and Byrd, jointly and severally, the amount sued for.

Reversed and rendered.