**YORK SUPPLY COMPANY et al.,**
Appellants,

v.

**DUNIGAN TOOL & SUPPLY COMPANY,**
Appellee.

No. 3134.

Court of Civil Appeals of Texas.

Eastland.

Feb. 11, 1955.

318

---◆---

Hawkins & Dean, Breckenridge, Cole, Patterson, Cole & McDaniel, Houston, for appellants.

Harrell & Harrell, Breckenridge, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling the plea of privilege of York Supply Company, a Texas corporation, to be sued at the place of its domicile, in Harris County, Texas. Dunigan Tool & Supply Company brought suit against York Oil Field Service Company, a trade name used by J. M. Lawrence, a resident of Pecos County, Texas, and against York Supply Company, a corporation, with its principal office and domicile in Houston, Harris County, Texas. The suit was based upon a promissory note alleged to have been executed by J. M. Lawrence, individually, doing business as York Oil Field Service Company, and by York Supply Company, a corporation. No plea of privilege was filed by J. M. Lawrence. York Supply Company filed a plea of privilege which was controverted by the plaintiff on the ground that the suit was upon a joint and several note executed by both defendants. It was urged in the controverting affidavit that venue was properly laid in Stephens County, Texas, as to the defendant, J. M. Lawrence, a resident of Pecos County, under the provisions of subdivision 5, Article 1995, Vernon's Revised Civil Statutes because he executed the note which was by its terms payable in Stephens County and that the York Supply Company was properly sued in Stephens County because it was a joint maker of the note and a necessary party to a suit upon such note within the meaning of subdivision 29a, Article 1995. York Supply Company filed an amended plea of privilege and a plea of non est factum denying the execu-

tion of the note, and particularly denied that J. M. Lawrence, who, on the face of the note, purported to sign same on behalf of York Supply Company, had authority to act for or in its behalf in executing the note or that he was ever an agent or an employee of such company. York Supply Company further denied that the note was executed by any employee or person authorized to act for or in its behalf. The plea of privilege was overruled and York Supply Company has appealed.

In several points appellant urges that the court erred in overruling the plea of privilege and particularly urges error "in sustaining venue under Section 29a, Article 1995, because York Supply Company was not a necessary party within the meaning of Section 29a since complete relief could be obtained by a money judgment against J. M. Lawrence without the necessity of joinder of York Supply Company."

We are of the opinion that appellants' contention is well taken. There is no showing that J. M. Lawrence had authority to sign the note as an agent of York Supply Company. As we understand, appellee does not contend that it has shown the existence of a contract in writing to perform an obligation in Stephens County by York Supply Company so that it may be sued in such county under the provisions of Subdivision 5 of the statute. Appellee's contention is that York Supply Company was properly sued in Stephens County because suit was brought against the defendant, J. M. Lawrence, in a county other than the county of his residence, upon a promissory note shown to be executed by him and by its terms payable in Stephens County; that plaintiff's petition contains allegations that Lawrence, under authority from the York Supply Company, also executed such note in its behalf and that, therefore, as a joint and several obligor on the note the York Supply Company is a necessary party within the meaning of subdivision 29a.

■ A showing that appellant was a proper party as required under subdivision 4 of the Statute is not sufficient under 29a. Quintanilla v. Texas Employers' Ins. Ass'n,

Tex.Civ.App., 250 S.W.2d 751 (Ref.). It was incumbent upon appellee to both allege and prove facts which would show York Supply Company to be a necessary party to the cause of action against J. M. Lawrence. Stephenville Production Credit Ass'n v. Drake, Tex.Civ.App., 226 S.W.2d 888; Key v. Mineral Wells Inv. Co., Tex.Civ. App., 96 S.W.2d 804. The rule, as to what constitutes a necessary party under subdivision 29a is set out in the case of Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775, as follows:

"The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties."

▌ York Supply Company was not a necessary party to the suit against J. M. Lawrence as contemplated by the statute and as set out in the above rule. To sustain appellee's contention that venue lies in Stephens County under the above rule it would be necessary to say that the presence of York Supply Company as a party to the suit was essential to appellee's right to a judgment against Lawrence on the note. Essential parties are, of course, also necessary parties. York Supply Company was not, however, a necessary party in the strict sense that under the pleading and proof no judgment could be taken against the defendant Lawrence in the absence of the York Supply Company. There was no showing that the note was executed by York Supply Company or under its authority, nor was it shown that York Supply Company was the principal obligor and that Lawrence had signed the note as surety. See Rules 31 and 163, Vernon's Texas Rules of Civil Procedure. Under such circumstances the plaintiff could have dismissed the case as to York Supply Company and proceeded to judgment against Lawrence alone. Bates v. Hill, Tex.Civ.App., 144 S.W. 288; Robinson v. Mattison, 25 Tex.Supp. 451, 452; Glasscock v. Hamilton, 62 Tex. 143; Wichita County Lumber Co. v. Maer, Tex.Civ. App., 235 S.W. 990; Jameson v. Officer, 15 Tex.Civ.App. 212, 39 S.W. 190; Alexander v. Wakefield, Tex.Civ.App., 69 S.W. 77; Bute v. Brainerd, 93 Tex. 137, 53 S.W. 1017.

The relief to which Dunigan Tool & Supply Company was entitled as against Lawrence, the defendant properly suable in Stephens County, was a money judgment. This relief could be had by a judgment against Lawrence alone. The absence of York Supply Company as a party to the suit was no bar to a judgment against J. M. Lawrence for the amount of the note. The York Supply Company was not, therefore, a necessary party in the strict sense that the suit against Lawrence could not be maintained in its absence. Nor was it a necessary party in the broader sense contemplated by subdivision 29a of the statute, according to the rule set out in the Byrd case, supra, which is controlling. See also Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Cockburn Oil Corp. v. Newman, Tex.Civ. App., 244 S.W.2d 845; Moreland v. Hawley Independent School District, 140 Tex. 391, 168 S.W.2d 660; Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616.

The judgment is reversed and the cause remanded.