## WILLIAM E. HOWTH v. J. R. FRANKLIN.

Where property, committed to the custody of an innkeeper by his guest, is lost, the presumption is that the innkeeper is liable for it; but he can relieve himself from that liability by showing that he has used extreme diligence.

A person may hold himself out to the public as an innkeeper, by his acts, as well as by his declarations, or by a sign. His acts might also force that conclusion, even against his declarations.

There are numerous farmers situated on the public roads of the country, who occasionally, and even frequently, take in and accommodate travellers, and receive compensation for it, who are not innkeepers, and are not liable as such. It is not their business or occupation, nor do they prepare and fit up their establishments for it. They yield to the laws of hospitality, in receiving and entertaining the stranger and the traveller, yet they cannot afford to do so without some compensation.

It would seem that, where the plaintiff sues the defendant as the keeper of a public inn, charging the loss of certain property committed to his care in that capacity, and that the loss was caused by defendant's carelessness and neglect, the plaintiff can recover without proving that defendant kept a public inn, if it be proved that the loss resulted from the failure of the defendant to take ordinary care of the property; and quere as to the burden of proof of diligence or negligence, in an ordinary bailment.

Appeal from Austin. Tried below before the Hon. James H. Bell.

Howth v. Franklin.

Suit by appellee against appellant, as the keeper of a public inn, for the value of a horse, the property of the plaintiff, which, it was alleged escaped or was stolen from the stable or lot of the defendant, through the carelessness and neglect of the latter ; said horse having been received into defendant's possession, in the capacity aforesaid, to keep and feed, from the hands of a certain person in whose service he then was, and who was at the time a guest of the defendant. The only real question of fact was, whether defendant was an innkeeper. The evidence tended to different conclusions, and the Court charged the jury as follows :—

The material question in this case is, whether or not the defendant in this cause, is liable as the keeper of a common inn.

An inkeeper is one who holds himself out to the public as engaged in the business of keeping a house for the lodging and entertainment of travellers and passengers, their horses and attendants, for reasonable compensation.

What makes a man an inkeeper is a question of law.

Whether the defendant was an inkeeper or not at the time the loss occurred, as charged by the plaintiff, is a question of fact for you to determine.

To constitute a man an innkeeper in the eye of the law, he must hold himself out to the public as engaged in the business of entertaining travellers for compensation, to such extent as to impose upon himself the obligation to receive all travellers and accommodate them, when it is in his power to do so. If the defendant in this case held himself out to the public as engaged in the business of keeping an inn, and receiving and entertaining travellers for compensation, then he is liable for any loss of property committed to his keeping, which any care or vigilance or diligence on his part could have prevented.

If the defendant did not hold himself out to the public as the keeper of a house for the accommodation of travellers and passengers for compensation, then he is not liable as an innkeeper, but is only liable for such losses as ordinary care or diligence would have prevented.

In other words, if the defendant only occasionally entertained travellers for compensation, when it suited his pleasure to do so, and did not hold himself out to the public as the keeper of an inn, or house for the accommodation of the travelling public ; then the defendant was only bound to take that ordinary care of

property committed to his keeping, that a prudent man usually takes of his own property of the same kind, and he would not be liable for a loss, unless it was shown that he had failed to use ordinary diligence in the care of the property committed to him.

If you believe, from the evidence, that the defendant was an innkeeper at the time the loss alleged by the plaintiff occurred, then he is liable to the plaintiff for the value of his horse, if the horse was committed to his care, and the loss could have been prevented by any diligence or care which the defendant could possibly have exercised.

If you believe from the evidence that the defendant was not an innkeeper, but only occasionally entertained travellers for compensation, and when he was pleased to do so, then the plaintiff cannot recover the value of the horse from the defendant, unless the defendant failed to use the ordinary diligence in taking care of the horse, that a prudent man usually takes of his own property under similar circumstances. And if the defendant received pay for keeping the horse and entertaining the owner, and did not use the ordinary diligence in taking care of the horse that a prudent man usually takes of his own property, then the plaintiff is entitled to recover the value of the horse, whether the defendant was an innkeeper or not.

Verdict and judgment for plaintiff; motion for new trial overruled, &c.

*T. B. White*, for appellant. The evidence proves that appellant disclaimed being an innkeeper or hotel keeper, and shows that he never was, in contemplation of law, or in his own representations, an innkeeper. A common innkeeper is one who hangs out a sign, and opens his house for travellers, and is liable to an action if he refuses to admit a traveller without good reason. (3 Black. Com. 166; 2 Kent, Com. 634; Story on Bailments, 476; Rex v. Ivens, 7 Car. & Payne, 213.)

One who entertains strangers occasionally, although he may receive compensation therefor, is not an innkeeper. So with Howth and the citizens in this western country. (2 Dev. & Bat. R. 424; Lyon v. Smith, 1 Morris, Iowa, R. 472.)

*A. W. Frear*, also for appellant. I. It is submitted that the Court erred in its last charge to the jury. There was no evi-

dence showing or tending to show that the defendant did not use ordinary diligence in taking care of the horse intrusted to his keeping ; and nothing is better settled, than that the charge of the Court must be applicable to the facts proved. (Hampton v. Dean, 4 Tex. R. 455 ; Crozier v. Rhea & Co. v. Kirker, Id. 252.) Although the instruction might be correct, as an abstract principle of law, yet not having any application to the case proved, and being calculated to mislead, it is error for which the judgment should be reversed. (Hancock v. Horan, 15 Tex. R. 507.)

II. It is believed the Court erred in refusing to grant a new trial, the verdict of the jury being contrary to the evidence, and contrary to the law as given them in charge by the Court.

*Lipscomb & Harris*, for appellee.   It is difficult to conceive what relief the appellant expects at the hands of this Court.   The cause was fully and fairly presented to an impartial jury, selected from the body of the county in which Howth resides.   The instructions of the Court to the jury were as favorable for the appellant as the facts in the case would permit.   No other instructions than those given by the Court were asked by either party. (Story on Bail. Sec. 472, 475 ; Id. Sec. 476 ; 2 Kent's Com. 758 to 763, 7th edition ; Mason v. Thompson, 9 Pick. R. 280, 284 ; Thickstun v. Howard, 8 Blackf. R. 535 ; Richmond v. Smith, 8 B. & C. 9 ; 17 Tex. R. 227 ; 2 Id. 115.)

ROBERTS, J.   The Court charged the jury, that " the material question in this case is whether or not the defendant is liable as the keeper of a common inn.   An innkeeper is one who holds himself out to the public as engaged in the business of keeping a house for the lodging and entertainment of travellers and passengers, their horses and attendants for reasonable compensation. He is liable for any loss of property committed to his keeping, which any care or vigilance or diligence on his part could have prevented.    If the defendant only occasionally entertained travellers for compensation, when it suited his pleasure to do so, and did not hold himself out to the public as the keeper of an inn, or house for the accommodation of the travelling public, then the defendant was only bound to take that ordinary care of property committed to his keeping, that a prudent man usually takes of his own property, of the same kind ; and he would not be liable for a loss, unless it was shown that he had failed to use

51

ordinary diligence in the care of the property committed to him."

By the facts as presented in the record, there can be no dispute about anything but as to whether or not Howth was an innkeeper. The diligence used was ordinary, but not extreme ; and therefore, if he were an innkeeper, he was liable. When property, committed to the custody of an innkeeper by his guest, is lost, the presumption is that the innkeeper is liable for it ; and he can relieve himself from that liability by showing that he has used extreme diligence. What facts will excuse him is a question perhaps not very well settled ; but it is well settled that he cannot excuse himself without showing that he has used extreme care and diligence in relation to the property lost. (Edwards on Bailments, 406; 2 Kent, Com. 592.)

The charge of the Court then was correct, in reference to the facts of this case, both as to what constitutes an innkeeper, and as to his liability. Had the facts shown that more than ordinary diligence was used in taking care of the horse, which was lost, then it might have been required of the Court to have been more specific in the charge, as to what facts would excuse an innkeeper, and as to what is meant by extreme diligence under the circumstances.

A person may hold himself out to the public as an innkeeper, by his acts, as well as by his declarations, or by a sign. (Edwards on Bailments, 388.) His acts might also force that conclusion, even against his declarations. To such conclusion must the jury have come in this case. That was the question really at issue, and most prominently and fairly presented to them by the Court. The record shows that on the one hand, his house was on a public road and much visited by travellers, who were uniformly taken in, entertained and charged ; and that it was well known as a place where entertainment was usually obtained for travellers ; on the other hand, his frequent declarations that he did not keep a tavern, his refusal to take boarders, and entertaining his neighbors and countrymen frequently free of charge. Here is presented a conflict in the testimony, leading to different conclusions, which it is peculiarly the province of the jury to judge of and determine upon.

There are numerous farmers situated on the public roads of the country, who occasionally, and even frequently, take in and accommodate travellers, and receive compensation for it, who are not innkeepers, and are not liable as such. It is not their business

or occupation, nor do they prepare and fit up their establishments for it.  They yield to the laws of hospitality, in receiving and entertaining the stranger and the traveller, yet they cannot afford to do so without some compensation.  This view of the subject the Court also presented to the minds of the jury, by telling them in substance, that if defendant only occasionally entertained travellers for compensation, when it suited his own pleasure, he did not thereby become an innkeeper.

The question then, of whether he was an innkeeper or not, having been fully and fairly presented to the jury, and the evidence on that subject being conflicting, the verdict of the jury will not be disturbed.  The evidence in favor of Howth on this issue is strong; and had the verdict been in his favor, it would not have been disturbed.

There is even, as the facts appear to this Court, a preponderance in his favor, though not to that extent that would enable us to say that the verdict is certainly wrong; and therefore it must stand.

Judgment affirmed.