Hadley v. Upshaw.

## T. B. J. HADLEY v. A. M. M. UPSHAW.

The rule that interrogatories must be crossed in order to give to both parties the right to read in evidence the answers to them, does not apply to interrogatories addressed to one party to the suit by the other party, under the act of Feb. 5, 1858. (O. & W. Dig., art. 481.)

A party cannot be permitted to address interrogatories to his opponent, and then by declining to read the answers, deprive the party answering of the right to read his answers in evidence.

See this case with regard to the liability of innkeepers for the loss of goods of their guests.

An innkeeper will not be liable for the loss of the goods of his guest, if the loss was occasioned by the want on the part of the guest of that ordinary care which a prudent man would be reasonably expected to take under all the circumstances of the case; and whether the guest has exercised such ordinary care, is always a question of fact for the jury.

APPEAL from Harris. Tried below before the Hon. P. W. Gray.

The appellee brought this suit against the appellant for some fifty dollars in money and for the value of a gold watch and a gold masonic emblem, which were stolen from the plaintiff on the night of December 1st, 1858, from his room in the Fannin House, at Houston, a hotel of which the defendant was the proprietor and keeper.

The defendant pleaded a general denial, and specially that the loss was occasioned by the negligence or carelessness of the plaintiff himself in not fastening the door of his room by the lock and key and inside bolt provided for securing it.

The defendant propounded interrogatories to the plaintiff, whose answers established the loss of the articles on the night in question by the plaintiff, who was then a guest and lodger at the defendant's hotel. The plaintiff stated in his answers that he was lodged up stairs, and that on retiring to his room for the night he put his watch and masonic emblem in his hat and set the hat under his bed, and left his money in his pantaloons pocket. That he had

not observed whether there was a lock or bolt on the door of the room, having never within his recollection locked his room until he was robbed at the defendant's hotel.

The defendant, at the trial, declined to read the interrogatories to and answers of the plaintiff, who himself offered them in evidence. The defendant objected because the plaintiff had not crossed the interrogatories, but the court overruled the objection and admitted the evidence, to which the defendant excepted.

The plaintiff introduced other evidence corroborative of his loss and the circumstances attending it, and also proved the value of the articles stolen.

The defendant proved that there was a good lock and bolt on the door of the room occupied by the plaintiff; that the room was up stairs and not accessible except by the door, or by the use of a ladder on the outside. That there was a good fire-proof iron safe kept for the deposit of valuables by guests.

There was no proof, however, that the attention of the plaintiff was called to the fastenings of his door, or to the iron safe.

The court below charged the jury as follows: "Landlords of public hotels for transient boarders or travellers, are held to strict liability for all losses of such ordinary articles of personal property or money as are carried about the persons of travelers, and which are lost in the tavern. They are held liable for the value of such articles lost or stolen at the tavern, unless it is made to appear that the loss did not result from any want of care, or neglect, or any insufficiency of means for protection, on the part of the defendant or his servants; but that it in fact resulted from the neglect or carelessness of the plaintiff himself, or by some other means for which the defendant was not responsible.

"If then, from the evidence, you believe that the defendant kept a public house for lodging and boarding transient persons or travelers for pay, and that the plaintiff was received as a lodger, and he then had in his possession the articles alleged to be lost, or any of them; and that they or any of them were stolen from the room where he lodged in the tavern; and it is not shown that the loss resulted from the gross neglect of the plaintiff in exposing the articles to a greater risk than he should have done, then you will

find for the plaintiff for the value of the articles lost or stolen, according to the proof. But if you believe otherwise from the evidence, or that the articles were in the room occupied by the plaintiff, and that he had taken exclusive charge of it, and had a lock and key and bolt, to which his attention was directed by the defendant, and that he neglected to lock or bolt his room door, so that the articles were exposed to greater risk, and that the loss in fact resulted from that neglect on his part, then you will find for the defendant.

"But the mere fact that the room had a lock and key and bolt, and that the plaintiff did not fasten them, is not sufficient to relieve the defendant from liability."

Verdict and judgment for the plaintiff for $262. A new trial being refused, the defendant appealed.

*L. A. Thompson* and *C. B. Sabin*, for the appellant.

*Rogers & Willie*, for the appellee.

BELL, J.—We are of opinion that the court below did not err in permitting the plaintiff below to read in evidence his own deposition. The defendant had propounded interrogatories to the plaintiff in accordance with the provisions of the act of the 5th of February, 1858. The defendant declined to read the answers of the plaintiff, and objected to their introduction by the plaintiff, on the ground that the interrogatories had not been crossed by the plaintiff. The rule that interrogatories must be crossed in order to give both parties the right to introduce the answers to them in evidence, does not apply to the case of interrogatories addressed by one party to the suit to the other party. The fourth section of the act of February 5th, 1858, provides that "the party interrogated, whether orally or otherwise, may in answer to questions propounded, state any matter connected with the cause and pertinent to the issue to be tried." This implies that the party interrogated need not cross interrogatories addressed to himself. We do not think a party can be permitted to address interrogatories

to the opposite party, and then decline to read his answers, and thereby deprive the party who has answered of the right to read the answers in evidence.   When a party propounds interrogatories to his adversary, he thereby qualifies him as a witness in the case, and he ought to be held to take the consequences.

We are of opinion, however, that there was a misdirection in the charge of the court to the jury.   The first paragraph of the charge of the court stated with great accuracy the general principle in respect to the liability of inn-keepers for the loss of the goods of their guests.   But in the second branch of the instruction, when the court spoke with reference to the particular case before the jury, we think there is error.   The court said:   " If, from the evidence, you believe that the defendant kept a public house for lodging and boarding transient persons or travelers for pay, and that the plaintiff was received as a lodger, and that he then had in his possession the articles alleged to have been lost, or any part of them, and that they, or any of them were stolen from the room where he lodged in the tavern, and that it is not shown that the loss resulted from the gross neglect of the plaintiff in exposing the articles to greater risk than he should have done, then you will find for the plaintiff," &c.

We believe the rule of the law to be, that the inn-keeper will not be liable for the goods of his guest, if the loss is occasioned by the want of that ordinary care on the part of the guest, which a prudent man may be reasonably expected to take under all the circumstances of the case ; and the question whether or not the guest has taken such ordinary care, is always a question of fact for the jury.   The rule which we have here announced was laid down by the Court of Queen's Bench in the case of Cashill v. Wright, 37 Eng. Law & Eq. Rep., 177.   The same rule was previously intimated by Lord Campbell, in the case of Armisted v. White, 6 Eng. Law & Eq. Rep., 349, and has been recognized in New York in the case of Fowler v. Dorlon, 24 Barb., 384.

If the court below had instructed the jury particularly as to the legal meaning of gross negligence, the judgment might perhaps have been sustained upon the facts of the case, notwithstanding the

misdirection to which we have referred. We see no error in any other part of the charge of the court; but for the error which has been pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.