## ORIENTAL HOTEL ASSOCIATION v. E. M. FAUST.

### Decided March 29, 1905.

**Hotel—Baggage—Loss While Guest—Presumption.**

    A traveler having checked his baggage with the proper custodian at a hotel, in advance of his becoming a guest there, registered as such guest on the following day, and discovered, on presenting his check at departure, that the baggage was lost.  Held that these facts furnished evidence to support a finding that the baggage was in charge of the hotel when he registered and was lost while he was its guest.

Appeal from the County Court of Dallas County.  Tried below before Hon. Ed. S. Lauderdale.

*Sumner & Nelms*, for appellant.—The verdict of the jury is contrary to the law and the evidence, and is not supported by the evidence in this: (a) The evidence of both plaintiff and defendant shows that plaintiff was not a guest at defendant's hotel at the time of the loss of his goods, and (b) it is not shown by the evidence that the clerk, or other person who received the grip of defendant, had any authority to accept or receive said grip at the time it was received, and (c) the evidence shows that plaintiff became a guest of defendant after the loss of said grip, and was not a guest at the time it was lost.  Arcade Hotel Co. v. Wiatt, 4 N. E. Rep., 398; McDaniels v. Robinson, 62 Am. Dec., 574; Miller v. Peeples, 45 Am. Rep., 423; O'Brien v. Vaill, 1 Am. St. Rep., 220; 16 Am. and Eng. Ency. Law (2d ed.), 520, 530.

*Read & Lawrance*, for appellee.—The evidence of plaintiff (Tr. p. 8) shows that he left his grip and contents with the Oriental Hotel Association under the direction of the clerk of said hotel, with the express agreement and understanding that he would return the next day, and such an agreement made the appellant liable for the safekeeping and restitution of appellee's grip.  An innkeeper is bound for the safekeeping of the baggage of its guest for a reasonable length of time before said guest actually registers at said inn, or after he actually leaves said inn, if said goods are left at said inn with the consent and agreement of the authorized clerk of said inn.  Adams v. Clem, 5 Am. Rep., 525; Glenn v. Jackson, 12 L. R. A., 382; Coskery v. Nagle, 6 L. R. A., 483; Eden v. Drey, 75 Ill. App., 102.

The clerk is the executive officer of the hotel, and was acting within the apparent scope of his authority when he directed appellee to leave

his grip with said hotel, and said appellee can not be held responsible for any secret limitations on the clerk's authority. Coskery v. Nagle, 6 L. R. A., 483; Collins & Douglas v. Cooper, 65 Texas, 460; Eastern Mfg. Co. v. Brenk, 32 Texas Civ. App., 97.

There is a conflict in the evidence as to whether or not appellee registered at the Oriental Hotel prior or subsequent to the time it was discovered that his grip had been lost, and we submit that, where the property of a guest of an inn is lost, the presumption is that the innkeeper is liable, and the burden of proof is on the innkeeper to show that he is not liable.

The clerk of a hotel is the chief executive officer, and has general direction of the affairs and business of the hotel. He is the person to whom the guests look for direction and instruction. He apparently has full control and management of the business of the hotel relating to accommodation of the traveling public and the safekeeping of their baggage. Coskery v. Nagle, 6 L. R. A., 483; Howth v. Franklin, 20 Texas, 802; McDaniels v. Robinson, 62 Am. Dec., secs. 583, 584; Murray v. Clarke, 2 Daly (N. Y.), 102, 103.

FISHER, Chief Justice.—This is a suit by the appellee against the Hotel Association to recover the value of a valise and its contents, which it is claimed he deposited with the hotel, as baggage, at a time when he was a guest. A verdict and judgment resulted in appellee's favor for $102.

There is some conflict in the evidence bearing on some of the material points in the case, but we must view the evidence from the standpoint of appellee, as the verdict of the jury has settled the fact that it is entitled to belief.

The appellee visited Dallas on the 22d of December, 1902, and on the evening of that day went to the hotel and told the clerk that he wanted to check what he terms his "grip," and that he was going to Fort Worth; and would return the next day. The clerk said, "All right," and directed him to take his grip to the baggage room. He took the grip there, as directed by the clerk, and had it checked, and received a check therefor. At that time he did not register, and he went to Fort Worth that night and returned to Dallas the next morning and registered at the hotel, and thereafter ate lunch there, and in the evening, about three o'clock, presented his check, and requested that his baggage be delivered to him, as he was ready to depart for his home. He testifies that at that time it was discovered that his baggage was missing, and was lost, and he has never received his baggage, and has not been paid its value.

His evidence shows that he registered at the hotel about twelve o'clock during the day of the 23d, and at that time became a guest.

It is contended by the appellant that he was not a guest when he deposited and left his baggage at the hotel on the 22d. The court submitted the issue to the jury as to whether he was a guest at the time that his baggage was lost. It is clear from the evidence that he became a guest on the 23d of December; and, viewing the evidence from his standpoint, it tends to show that, when he actually became a guest of the hotel, his baggage was still in the custody of the party who was

authorized and required to receive and retain in custody the baggage of guests when properly checked.

If we concede that the appellant is correct in its conclusion that the appellee did not become a guest when he deposited his baggage at the hotel on the evening of the 22d, still, the verdict and judgment of the court below can be justified upon the ground that his baggage was in the custody of the hotel when he actually became a guest; that is, in custody of that servant of the hotel who was charged with the duty of receiving and keeping safely the baggage of guests. In the original deposit of the baggage, it was confided to the custody of the person who was charged with the duty of receiving it, provided the appellee was actually a guest. And the evidence shows that the party who received that baggage still continued, at the time that the appellee made his demand for it, in the capacity of custodian of the baggage of guests. Proof of the fact that he had actually received the baggage would be some evidence of the fact that he still retained its possession when the appellee registered and actually became a guest. And if it be true that he then had possession, from that time on, so long as the appellee continued as a guest, he would hold possession as the servant and representative of the hotel company. And if circumstances existed that would relieve it from liability, the burden would be upon the appellant to establish that fact, and it was not done in this case.

We find no reversible error presented by any of the assignments. Therefore, the judgment of the trial court is affirmed.

*Affirmed.*