## DALLAS HOTEL CO. v. RAITMAN.
### No. 11221.

Court of Civil Appeals of Texas. Dallas.
April 22, 1933.

Martin B. Winfrey and Philip I. Palmer, both of Dallas, for appellant.

Joe Utay and Haskell H. Cooper, both of Dallas, for appellee.

BOND, Justice.

Mrs. S. B. Raitman brought this suit against the Dallas Hotel Company, owner and operator of the Adolphus Hotel in the city of Dallas, for the value of a Fox fur neck-piece, alleged to have been taken without her knowledge or consent from the room assigned to her as a guest of the hotel, and that the hotel keeper was negligent in permitting some one to enter the room during her absence and take said fur. The Dallas Hotel Company answered by general denial and especially alleged that, at the time appellee lost the fur neck-piece, if such loss occurred, it had a suitable lock on the door of the room occupied by its said guest, that its windows and transom were equipped with proper fastenings, and that it had house officers whose duties were to patrol the hotel to prevent disorder, check the baggage about the hotel, except the guest room, and keep out all disreputable characters. The hotel also had employed a timekeeper and watchman, whose duty it was to examine all employees going in and out of the hotel to see that nothing belonging to the hotel, or its guests, was taken by them; that, at the time of the alleged loss of the fur, as provided by article 4592, R. C. S., it kept and maintained in said hotel a metal safe or vault, in good order and fit for the custody of valuable articles belonging to its guests; and that it had complied with the provisions of such statute, to entitle it to the exemptions and liability limitation therein provided.

The case was tried to a jury and, in response to special issues submitted, the jury found: (1) That the Fox fur neck-piece was taken from appellee's room during her absence, without her knowledge and consent; (2) that the hotel company failed to use "extreme care and diligence" in protecting the fur, and that such failure was a proximate cause of its being lost; (3) that at the time of the alleged loss, there was a metal safe or vault in good order and fit for the custody of articles enumerated in article 4592, R. C. S. 1925; (4) that the hotel kept suitable locks and bolts, and proper fastenings on the entrances to the room occupied by the guest; (5) that the guest did not fail to exercise ordinary care in the protection of her fur piece; (6) that the hotel company was not guilty of the failure to exercise "ordinary care" in the protection of the fur piece; and (7) that the value of the fur piece was the sum of $400. On the findings of the jury, the court rendered judgment for appellee against appellant for the alleged value of the fur.

In the court below, appellant urged a motion for peremptory instruction, at the conclusion of appellee's testimony, again at the conclusion of all the evidence, and before the submission of any special issues to the jury. The motions were overruled, and to the action of the trial court appellant presents proper assignments and pertinent propositions.

The sum and substance of the evidence in this case is to the effect that the loss of appellee's property was due to an unknown and unexplained conversion by some one, without fault, let, or hindrance of the hotel company. No fact of negligence is alleged in appellee's petition which would admit of proof of any specific act of negligence on the part of appellant. The only allegation imputing negligence is that: "Said loss was a direct and proximate result of the negligence of defendant, in permitting some one to enter her room during her absence and take said fur." There is no testimony in the record bearing on the issue that appellant "permitted some one to enter her room." There is no intimation in the record that appellant failed to exercise the highest degree of care for the safety and welfare of its guest, and the protection of her property. The room was equipped with safety locks, and the windows and transom were provided with proper fastenings, officers were stationed in the building to patrol the hotel and keep out all disreputable characters, and a timekeeper and watchman was employed to examine other employees going in and out of the hotel, to prevent loss of property. The door lock had but one key, which was delivered to the guest. On leaving the hotel, the key was delivered to the hotel clerk. The clerk and a house maid, who had pass-keys to all rooms, were the only ones with means to enter the room, and there is no evidence that either appropriated the fur, but to the contrary, the evidence established conclusively that they did not get it. It is uncontradicted that the lock on the door showed no signs of tampering, and that the door and transom were the only possible means of an unobtrusive entrance into said room.

▋ The rule in this state is that a hotel keeper is liable for the loss of his guest's property, but only if he is guilty of negligence and such negligence be the failure to exercise the degree of care which a person of ordinary prudence would use under the existing circumstances. The greater the danger the greater is the care required; so that a very high degree of danger calls for a very high degree of care, which, in the instant case, amounts merely to ordinary care, in view of the circumstances.

In the case of Howth v. Franklin, 20 Tex. 798, 73 Am. Dec. 218, in which an innkeeper was charged with negligence in failing to use ordinary diligence in taking care of property intrusted to him by his guests, and which was stolen, the court said: "He cannot excuse himself without showing that he

has used extreme care and diligence in relation to the property lost." In that case, the innkeeper was a bailee, intrusted with property for hire, and his position was controlled by the rule anent thereto. In the instant case, the jury found that the hotel company failed to use "extreme care and diligence in protecting appellee's fur," but was not guilty of the failure to exercise ordinary care in the protection of such property. In Galveston, H. & S. A. R. Co. v. Thompson (Tex. Civ. App.) 116 S. W. 106, 108, the court said: "While 'ordinary care' has no degrees, a man of ordinary prudence may be confronted with such circumstances as will, in the exercise of his prudence, induce him to use every means at his command to overcome the danger arising from them. Still what he would do, under such circumstances, would only be the exercise of ordinary care, and the failure of another under like circumstances to exercise the same care would be negligence."

■■ While a hotel keeper is due to exercise a high degree of care and diligence in protecting the property of its guests, yet the exercise thereof is merely ordinary care, and where the court properly defines "ordinary care" and submits an issue to the jury as to the use of ordinary care, it is improper to submit a special issue involving the use of "extreme care and diligence."

■ However, a high degree of care—and even a degree of extreme care and diligence —in protecting the property of appellee is clearly established by the record. It is uncontradicted that the locks on the door, transom, and windows of appellee's room were in proper condition, and that only the housekeeper of the hotel, and employees under her supervision, were allowed a pass-key to the rooms; that the timekeeper and watchman searched all of the employees of the hotel, except certain office employees, before they left the hotel building; that appellant provided a suitable safe for deposits of valuables of its guests; and that a number of house detectives were on duty at the time in question. No issue as to any degree of negligence on the part of the Dallas Hotel Company was raised by the evidence.

"The settled doctrine in this state is that negligence is a question of fact for the jury. It can only become a question of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom." Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708, 713. Therefore, since no evidence is in the record tending to show negligence on the part of appellant, and a reasonable interpretation of the record leads to the conclusion that courts could not differ as to the question of appellant's freedom from such negligence, we conclude that the trial court was not justified in overruling appellant's request for peremptory instruction to the jury to return a verdict in its favor.

■ Article 4592, R. C. S. 1925, has no application here; the statute does not impose a duty upon the hotel keeper, but was enacted for its benefit. "That provision has to do only with the liability of a hotel keeper for the loss of its guest's property when there has been a full compliance with article 4592 by the hotel keeper as to the several safeguards therein required, and then through some other negligence on the part of the hotel keeper, his servants or employees, the property is lost, which is not the case here." Dallas Hotel Co. v. Davidson (Tex. Civ. App.) 12 S.W.(2d) 633, 637. It therefore becomes our duty to reverse and render the judgment of the lower court, and to render judgment for appellant, and it is so ordered.

Reversed and rendered.