

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-2001
Re: (1) Brook Hollow Golf Club as a bona
fide hotel within meaning of Section
23 (5), Article 1, Texas Liquor Con-
trol Act.
(2) Dallas Country Club as a hotel
within the meaning of Section 23 (5),
Article 1, Texas Liquor Control Act.

In your letter of February 23, 1940, you set out
the following fact situations:

"The Brook Hollow Golf Club, a corporation,
has applied for both a wine and beer permit and a
package store permit with the Texas Liquor Control
Board. Section 17 (1), Article I of the Texas
Liquor Control Act reads as follows:

"'It shall be unlawful for any person holding
a package store permit, or owning an interest in a
package store, to have any interest, either directly
or indirectly, in a Wine and Beer Retailer's Permit,
or Beer Retailer's License, or the business thereof.'

"Section 23 (5), Article 1, Texas Liquor Control
Act, reads as follows:

"'It is further provided that any bona fide hotel
shall be authorized to hold a Package Store Permit
as well as a Wine and Beer Retailer's Permit and a
Beer Retailer's License provided such businesses are
completely and wholly segregated from each other.
The Board is authorized to adopt rules and regulations
to enforce this provision. It is further provided

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

that a hotel holding a Package Store Permit may
deliver liquor at retail in unbroken packages to
the rooms of bona fide guests of such hotel for
consumption in such rooms.'

"According to investigation by one of our repre-
sentatives, the Brook Hollow Golf Club in its main
building located on the premises wherein it maintains
a golf course, has a building at which they maintain
and serve regular meals to the members and guests,
in much the same manner as any other cafe, restaurant,
or coffee shop. In that building they have three
rooms furnished with beds, which are available for
visiting members from in town and out of town, for
which it charges members $2.00 per night, which
rooms, according to information received from the
manager of the Brook Hollow Golf Club, were not
occupied during the month of January. The Club
maintains one maid who cares for the rooms, five
porters employed on the premises, four cooks, and
serves meals until 9 o'clock P.M. each day."

You desire to be informed whether the Brook Hollow
Golf Club constitutes a bona fide hotel within the meaning
of Section 23 (5), Article 1, Texas Liquor Control Act.

A hotel is defined as a house providing lodging and
usually meals for the public, (Webster's New International
Dictionary, 2nd Ed.), a place for the general entertainment
of all travelers and strangers who apply, paying suitable
compensation (Comer v. State, 26 Tex. App. 509, 10 S.W. 106),
and a place for the entertainment of all persons who may
have occasion to patronize it (Kiesser v. Keough, 188 S.W.
44; Debenham v. Short et al, 199 S.W. 1147; 32 Corpus Juris
p. 527).

One of the distinguishing characteristics of a
hotel is that it holds itself out as willing to provide accommo-
dations to all those of the public who choose to visit it, upon
payment, of course, of suitable compensation. 32 Corpus Juris
531, Howth v. Franklin, 20 Tex. 798.

Section 23 (5), Article 1, Texas Liquor Control Act,
does not apply, in our opinion, to the Brook Hollow Golf Club.
The exemption therein contained is conferred upon "any bona fide

hotel." The Brook Hollow Golf Club is lacking in the distinguishing characteristic of the hotel mentioned above, in that it does not hold itself out as willing to provide accommodation to all those of the public who choose to visit it. The accommodations of the club are not conducted or made available for the convenience of the traveling public, but are only "available for visiting members from in town and out of town."

You ask the same question in reference to the Dallas Country Club. The facts in regard to the Dallas Country Club, you state, are that the club maintains in a building located upon its premises approximately twenty-six guest rooms, which are available to members and their guests, a few of which are occupied as permanent residences by members of the club, the others being rented out by the night to members of the club who are in town for only a few days; that the club also operates a restaurant and grill service.

So far as appears from the facts stated in your letter, the situation of the Dallas Country Club is not materially different from that of the Brook Hollow Golf Club. You are therefore advised that our opinion as to the status of the Dallas Country Club as a "bona fide hotel" is the same as that expressed with reference to the status of the Brook Hollow Golf Club, immediately above.

Trusting that this is the desired information, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED MAR 20, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN