**SOUTHWESTERN HOTEL CO. v.
ROGERS et ux.
No. 4396.**

Court of Civil Appeals of Texas. El Paso.

July 13, 1944.

Rehearing Denied Aug. 3, 1944.

Judgment Affirmed Jan. 10, 1945.

See 184 S.W.2d 835.

Brown & Brooke, of El Paso, for appellant.

Samuel K. Wasaff, of El Paso, for appellees.

SUTTON, Justice.

The appeal here comes from the 41st District Court of El Paso County.

The suit was brought by James D. Rogers and his wife, Grace Rogers, to recover the value of two diamond rings in the sum of $4,000 alleged to have been stolen from the hotel room occupied by plaintiffs on March 9, 1943. The trial on the facts was to a jury and the case submitted on special issues. On the findings of the jury judgment was rendered in favor of the plaintiffs for the sum of $3,000. From this judgment the defendant has perfected this appeal.

The petition of plaintiffs was in two counts. In the first they pleaded the relationship of innkeeper and guests, the loss of their rings and the consequent damage, and sought recovery on such allegations. In the second count they pleaded negligence on the part of the defendant. They alleged the room occupied by them could only be entered from the outside by the use of a special emergency key, and the defendant, its officers, agents, servants and employees were negligent in failing to keep such key in their possession; that such key was negligently permitted to fall into the hands of some person or persons unknown to plaintiffs and the loss of the rings and the consequent damage resulted from such negligence. The case was submitted on this allegation of negligence without objection from the plaintiffs.

The defendant answered with certain special exceptions, a general denial and a special answer setting up compliance with the provisions of the Limited Liability Law (Art. 4592, Vernon's Civil Statutes), and the failure of the plaintiffs to comply with the law; actual and constructive notice of defendant's facilities to take care of their rings, and contributory negligence on the part of the plaintiffs in failing to avail themselves of the facilities of the defendant for the safe keeping of their rings and

the careless handling of them on the occasion in question.

The jury found some unknown person or persons used an emergency key to unlock the door of the room occupied by plaintiffs and took their rings; that the defendant failed to use ordinary care to see that such emergency key did not fall into the hands of such unknown person or persons; that such was a proximate cause of the loss; that the rings were worth $3,000. The jury further found plaintiffs were negligent in not depositing their rings with the defendant for safe keeping, but that such was not the proximate cause of the loss thereof.

The defendant has briefed seven points of error. Four of them have to do with the lack of and insufficiency of the evidence to show negligence; two, with the claimed error of the court based on its refusal to render judgment in favor of the defendant on the finding of the jury the plaintiffs were guilty of contributory negligence, and the proximate cause established as a matter of law, and one because of the error claimed on the submission of the issue which inquired of the jury whether or not some unknown person or persons entered the room, because there was no evidence to warrant the submission of the issue.

The facts are the defendant owns and operates the Hilton Hotel in El Paso. Mr. Rogers came to the hotel as a guest about September 28, 1942, and Mrs. Rogers joined him about one month later. They have each lived as guests in the hotel continuously since. They had occupied room 956 until a few weeks prior to March 9, 1943. On that date they were occupying room 917, which is a twin-bed room. The room is completely enclosed by four walls with a door and transom above, which opens into a hallway, and one window, opening outside unto and above the street. Within the room is a clothes closet and a bathroom, which may be completely shut off from the room proper by closing the door thereto, which opens into the room. The room door was equipped with an automatic lock; that is, when the door was closed it could not be opened from the outside except with a key, but might from the inside, and a night latch. When the night latch was turned, the room could only be opened from the outside with the special emergency key. On the night of March 9, 1943, plaintiffs testified they double-locked the door, that is, turned the night latch and retired to bed about 10:30. They further testified, in

accordance with their custom, they each removed their rings from their fingers and laid them on top of the dresser together with Mr. Roger's watch and eyeglasses. The next morning about eight o'clock Mrs. Rogers found the rings gone and the night latch turned or open.

The record further discloses there was a printed card or slip framed and fastened to the inside of the bathroom door about four feet above the floor level. At the top of the card was written "Hilton Hotel," followed by some printed matter, the number of the room, 917, maximum rents, some further little printed matter, the date posted, 1st day of March, 1943. Then in prominent, black capital letters were these words: "Limited Liability Law," followed in smaller type, "A Bill to be Entitled," etc., concluding with the words, "Be it enacted by the Legislature of the State of Texas:" Then follows a complete copy of Art. 4592, supra, Article 4593—Gratuitous Bailee in full, and Article 1551, P.C. Obtaining Board or Lodging by Trick, etc.

We take it to be conceded the defendant in all respects was within the provisions of the law, Article 4592, supra, in that it had a proper safe and vault for the safe keeping of plaintiffs' rings, and the door, transom and window were equipped with proper lock and fasteners, and the only contention that defendant's liability is not limited under the statute is because it is said under the undisputed evidence a copy of the law was not posted on the door of the sleeping room of plaintiffs. The provision of the statute is the liability shall be limited except for the negligence of the defendant, provided "that a printed copy of this law is posted on the door of the sleeping room of such guest." It is contended the posting on the bathroom door is not a sufficient posting under the quoted provision.

The Legislature may be presumed to have known a hotel sleeping room may have and does have more than one door, even more than one entrance door, as in case of a hotel apartment with the sleeping room and kitchenette or livingroom connected with a door. The statute does not say on which side of the door the copy shall be posted. If it were posted on the outside of an entrance door there could be no doubt but that the posting is sufficient. A posting on either side of a connecting door would compel the conclusion the law is complied with. We can see no

difference between such a door and the door connecting the sleeping room and the bath. An outside door is nothing more nor less than a connecting door—connecting the sleeping room and the outside corridor or hall. It is obvious the purpose of the requirement that it be posted on the door is because doors are frequently used and because of such use the opportunities to see and take note of the law are multiplied. We think it a matter of common knowledge the bathroom door in a hotel room is used as frequently, if not more, than an entrance door. The conclusion is, therefore, the primary purpose of the statute is met by the posting on the door between the sleeping room and bathroom and likewise the requirement of the statute complied with. The statute does not require the posting to be had on all or every door of the sleeping room. It could not be seriously contended a room, for example, having two or more entrance doors each would have to be posted under the statute, or the statute could not be complied with because the posting must be limited to one, and which one is not designated. It is said the article "the" does not always mean one, and the use of it in such statutes is construed to mean "any." In Noyes v. Children's Aid Society, 10 Hun, N.Y., 289, also Id., 70 N.Y. 481, it was held a statute providing the surrogate in his discretion award the costs to "the party" who in his judgment is entitled thereto, means any one or more parties entitled thereto. It is likewise held in Lavin v. Board of Commissioners, 151 Ill.App. 236, at page 244, the article "the" used in a statute, Smith-Hurd Stats. c. 53, § 7, providing that "the state's attorney" elected by the people shall be paid a certain salary or sum, must be construed to mean "any," and includes a special attorney appointed for the State. Also the Supreme Court of Georgia, in Howell v. State, 164 Ga. 204, 138 S.E. 206, at page 210, in construing a statute providing: "That there shall be present at such execution [of a prisoner condemned to die] the Warden of the Penitentiary, who shall serve as executioner * * *," Laws 1924, p. 195, held that where there were two or more wardens the statute is construed to mean "any." And likewise that a statute requiring the sheriff to take and subscribe his oath "before the judge of the superior court or ordinary" Civ. Code 1910, § 4905, in a county having five such judges, the article is construed to mean "any," and the oath may be taken before any one of such judges.

■ Plaintiffs seem to proceed upon the theory noncompliance with the statute would render the defendant's liability absolute, but such is not the case. The liability is in all events made to depend upon negligence. Dallas Hotel Co. v. Davison, Tex.Com.App., 23 S.W.2d 708.

■ To sustain the count based on negligence and the finding of the jury thereon, plaintiffs rely upon the following testimony of Mrs. Rogers:

"The housekeeper told me on two occasions thieves had gotten into her room and on one occasion they had stolen a watch out of her purse and on one occasion they had stolen one of these emergency keys that only unlocked these double locked doors.

"The housekeeper told me that the key had been stolen out of her purse, the emergency key or master key. The night man told me that one of the keys was missing, one of the emergency keys. One of the bell boys told me that the emergency keys had been stolen."

And the testimony of Mr. Porter Parris, the assistant manager, to the effect that the hotel had five of the emergency keys; that these keys were in the possession of: "Mr. Willford had one, the manager, I had one, Mrs. McIvor had one, the engineer had one, and the night desk had one," and further that Martin O'Dell was chief clerk and Sol. Rosenberg was a porter, and on cross-examination testified in these words:

"Did you know Martin O'Dell let him (Rosenberg) have one of these keys?

"I wouldn't be surprised. They are used quite often."

This is all the testimony referred to and relied upon.

The employees are not identified, nor is there any showing when the conversations took place. It seems clear enough the testimony of Mrs. Rogers above quoted refers to other and isolated occurrences and not to the occasion here under consideration. This is made a little plainer by her testimony which immediately preceded this to the effect, that on the discovery of the loss of the rings she immediately called Mr. O'Dell and told him what had happened. He suggested she would have to see the manager. About ten o'clock that morning she talked to Mr. Parris. No mention is

made of other conversations at that time about the loss of the rings. The other testimony quoted above followed.

We regard the above testimony wholly insufficient to raise or sustain an issue of negligence. If it were of such character the testimony of Mrs. Rogers is incompetent because it is hearsay. In order to take the declarations of an agent or employee out of the hearsay rule, it must appear the declarations were made within the course of employment, in close relation to the performance of an authorized duty or act in connection with which they are made, and are not made voluntarily and in casual conversation. Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S. W. 197, and Le Sage v. Pryor, 137 Tex. 455, 154 S.W.2d 446. Such declarations, however admitted, are incompetent and will not support the verdict and judgment. Southern Surety Co. v. Nalle & Co., supra.

■ The defendant complains the trial court erred in not rendering judgment in its favor based on the finding of the jury the plaintiffs were guilty of contributory negligence, since, as it contends, the proximate cause is established as a matter of law. We think this proposition may not be sustained, and for two reasons: The jury were called upon to find the essential fact in each of the issues of contributory negligence and proximate cause that the plaintiffs could anticipate and foresee their rings might be lost if they failed to place them in the safe or vault of the defendant for safe keeping on the occasion in question. The case in this respect is controlled by such cases as Hutton v. Burkett, Tex. Civ.App., 18 S.W.2d 740, error refused; Paris & G. N. R. Co. v. Stafford, Tex.Com. App., 53 S.W.2d 1019; International-Great Northern R. Co. v. Casey, Tex.Com.App., 46 S.W.2d 669; and McCullough Box & Crate Co. v. Liles, Tex.Civ.App., 162 S.W. 2d 1055, error refused, and the cases cited in these authorities, wherein it is said proximate cause is a question of fact for the jury unless reasonable minds cannot fairly differ and but one conclusion can be drawn from the facts. The facts in the instant case are not such facts. In our opinion the facts are not so conclusive that the plaintiffs could foresee and anticipate the loss of their rings if not placed in safe keeping on the occasion that reasonable minds may not differ and that one conclusion is inescapable. In the second place

the jury found, as we construe the verdict, the plaintiffs could foresee and anticipate the loss, in finding contributory negligence and that they could not as found by the jury on proximate cause. Thus the finding of the jury in this respect is direct conflict.

■ The plaintiffs have four cross-points. The first is the court erred in not permitting plaintiffs to testify to the value of their rings. Reference is made to bill of exception No. 1, page 11 of the Statement of Facts. It was there sought to prove the cost and not the value. Both plaintiffs were over objection permitted to testify to the value of their rings. The first point is not sustained, therefore.

■ The second cross-point is the court erred in casting the burden upon plaintiffs. If there were error, a sufficient answer is there were no objections and exceptions to the charge of the court as required by Rules 272 and 274, Texas R.C.P.

■ The third is the trial court erred in declining the request of plaintiffs to file their trial amendment. The trial amendment was offered as a substitute for sub-paragraph (3) of paragraph 5 of the trial petition. It was alleged in the petition the defendant owed plaintiffs the duty to provide a watchman or watchmen to guard and protect the hotel. The trial amendment alleged the defendant owed them the duty to provide more than one watchman; the breach of the duty, and that such breach was negligence. The amendment was tendered on the second day of the trial and was refused. It is thought the refusal or the granting of the privilege to file a trial amendment under Rule 66, R.C.P., is a matter within the discretion of the trial court. There is no abuse of discretion suggested by the plaintiffs and the record does not disclose any abuse. The issues submitted and refused were based upon the trial amendment. Under the record and showing here the third and fourth cross-assignments are not sustained.

We have had some difficulty in reaching a satisfactory conclusion as to whether or not the case has probably been fully developed and should be rendered or remanded. With some reluctance on the part of a majority the conclusion has ultimately been reached, under the authority of the case of Lanford et al. v. Smith et al., 128 Tex. 373, 99 S.W.2d 593, that it should be remanded. Unless the facts develop differently,

then the trial court should instruct a verdict as a matter of course.

The judgment of the trial court, for the reasons stated, is reversed and the case remanded for another trial.

### On Rehearing.

PRICE, Chief Justice.

With some reluctance I concur in reversing and remanding this cause on the ground that the evidence was insufficient to sustain the negligence found in favor of plaintiff. I do not agree with the original opinion directing the trial court in the event the evidence is the same on another trial to direct a verdict in favor of defendant.

The jury found on ample evidence that plaintiffs' jewelry was stolen from the room of defendant which plaintiffs were occupying as paid guests. Defendant had the means of entering the room. Five keys suitable to unlock the door were in the custody of defendant's employees. Defendant failed to show the actual location of each of these keys at the relevant time. There was no evidence that it could not make such showing.

An innkeeper is not an insurer of the safety of a guest's property. Howth v. Franklin, 20 Tex. 798; Hadley v. Upshaw, 27 Tex. 547, 86 Am.Dec. 654; Oriental Hotel Co. v. Faust, 38 Tex.Civ.App. 573, 86 S.W. 373; Case & Sons Cutlery Co. v. Canode, Tex.Civ.App., 205 S.W. 350; Dallas Hotel Co. v. Davison, Tex.Com.App., 23 S.W.2d 708.

The law in regard to the liability of the innkeeper for the loss of a guest's property has not been changed by any decision subsequent to Howth v. Franklin and Hadley v. Upshaw.

Under these two cases if the guest's property is lost or stolen on the premises of the innkeeper, a prima facie case of negligence is established. The loss or theft being established, in order for the innkeeper to free himself from liability, it is incumbent on him to show that the high degree of care arising from the relationship was exercised to prevent the loss. The loss by theft being shown the burden of proceeding with the evidence is upon the innkeeper.

Much has been said as to Art. 4592, R.S.1925. It is my view that Art. 4592 has only one effect. Such is as follows: if the hotel keeper is unable to show that he exercised the degree of care required by the relationship but does show a compliance with the conditions of Art. 4592, the maximum liability is fifty dollars, unless the guest bring himself within the proviso. If the guest is able to establish negligence or wrongdoing on the part of the innkeeper, then the innkeeper is liable for the entire loss.

In order to make out a case for full damages, the innkeeper having met the conditions prescribed by Art. 4592, the guest may not rely on the presumption arising from the loss but must affirmatively show negligence. However to recover the fifty dollars he may rely on the presumed negligence, that is the failure of the innkeeper to show freedom from negligence in all degrees.

In the submission of this case it was assumed that defendant had complied with the conditions of Art. 4592. If the above construction of that article be correct, then defendant failing to show freedom from negligence, it was liable for fifty dollars or in any event it was a question for the jury. Defendant's servants had the only keys in their possession suitable to unlock the door under the existing conditions. Defendant failed to introduce proof although available to it that one of its employees did not make the entry; failed to show the actual location of the emergency keys in its possession at the relevant time.

In Hadley v. Upshaw, supra, the charge was: They (innkeepers) are held liable for the value of such articles lost or stolen in the tavern unless it is made to appear that the loss did not result from any want of care, or neglect, or any insufficiency of means of protection, on the part of defendants but in fact resulted from the neglect or carelessness of the plaintiff himself or by some other means for which the defendant was not responsible.

As to this portion of the charge the opinion states:

"The first paragraph of the charge of the court stated with great accuracy the general principle in respect to the liability of inn-keepers for the loss of the goods of their guests."

It is not thought that the Supreme Court has ever receded from the holding made in this case.

In the case of Dallas Hotel Co. v. Davison, supra, the proposition is reiterated that

to hold an innkeeper liable negligence must be shown. There is nothing new or novel in the proposition. In the case of a passenger the carrier is not an insurer of safety. Negligence must be shown. The unexplained collision of two trains would be sufficient prima facie to establish negligence. Mexican Central R. Co. v. Lauricella, 87 Tex. 277, 28 S.W. 277, 47 Am.St.Rep. 103.

As stated in Dallas Hotel Co. v. Davison, Art. 4592 placed no additional burdens on the hotel keeper. It was passed to an extent to relieve him of burdens. If he cannot obtain evidence to show he exercised the high degree of care required by law, in event of compliance with Art. 4592 and the guest's non-compliance, unless the guest affirmatively shows negligence or wrong doing, fifty dollars is the maximum amount of liability.

Justice McGILL authorizes me to state that he agrees with the views herein stated. It is ordered that the motions for rehearing filed by the respective parties be overruled. It is further ordered that that portion of the original opinion directing the court in the event the evidence be the same on the re-trial to instruct a verdict in favor of defendant be withdrawn.